313 So.2d 766 (1975)
STATE of Florida, Petitioner,
v.
Richard Allen HILL, Respondent.
No. 45752.
Supreme Court of Florida.
March 19, 1975.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for petitioner.
David J. Busch, Asst. Public Defender, for respondent.
ANDERSON, Circuit Judge:
The Defendant, Richard Allen Hill, was arrested on August 13, 1973, charged with resisting arrest with violence. An information charging this offense was filed on August 22, 1973.
On August 14, 1973, the Defendant filed a Motion for Speedy Trial. On October 17, 1973, the Defendant filed a motion to Discharge which was heard by the trial judge on October 31, 1973. The trial judge granted the motion.
*767 An appeal was taken by the State to the District Court of Appeal, First District, which reversed the trial judge, holding the motion for speedy trial filed prior to the filing of an information was a nullity and should have been disregarded by the trial court citing authorities including State ex rel. Hanks v. Goodman, Sup.Ct. Fla. 1971, 253 So.2d 129; State ex rel. Butler v. Cullen, Sup.Ct.Fla. 1971, 253 So.2d 861.
With this conclusion we agree.
However, the District Court next held that it would treat Petitioner's Motion for Discharge as an Application for Habeas Corpus relief, granted that relief and affirmed the trial court's Order forever discharging the Defendant from the crime charged. This portion of the District Court's Order conflicts with this Court's holding in Sangaree v. Hamlin, 235 So.2d 729 (Fla. 1970) which was an original proceeding seeking a Writ of Habeas Corpus in which the Court held:
"The delay between an arrest without warrant and the appointment of counsel could have an important bearing upon the admissibility of an ad interim confession. The questions raised by the Petition for Writ of Habeas Corpus are more appropriately raised during the trial of the case for review upon appeal in the event of a verdict adverse to the petitioner."
Accordingly that part of the District Court's Order which grants habeas corpus relief is quashed.
ADKINS, C.J., ROBERTS and OVERTON, JJ., and SIEGENDORF and WILLIS, Circuit Court Judges, concur.
McCAIN, J., dissents.