PER CURIAM.
The state appeals the trial court’s order granting the appellee’s motion for discharge alleging that he had not been brought to trial within the speedy trial period. We reverse.
The appellee, Timothy Hayes, was arrested for introducing contraband into a correctional facility. Prior to the filing of any charging instrument, the appellee filed a demand for trial pursuant to Florida Rule of Juvenile Procedure 8.180. The state subsequently filed an information charging *88 the appellee, as an adult, for introduction of contraband into a correction facility in violation of section 944.47, Florida Statutes (1987), and possession of a controlled substance in violation of section 893.13, Florida Statutes (1987). Thereafter, the appellee filed a motion for discharge alleging that the sixty day speedy trial period had expired and that he had been continuously available for trial. After conducting a hearing, the trial court granted the motion and entered an order discharging the appel-lee. The state filed this timely appeal.
A demand for speedy trial filed prior to the filing of an information is a nullity. State v. Branam, 434 So.2d 950 (Fla. 2d DCA 1983). See also, State v. Hill, 313 So.2d 766 (Fla.1975); Fla.R. Crim.P. 3.191(a)(2); Fla.R.Juv.P. 8.180(f)(2). We, accordingly, reverse the trial court’s order discharging the appellee and remand for proceedings consistent herewith.
Reversed and remanded.
CAMPBELL, C.J., and RYDER and SCHOONOVER, JJ., concur.