686 So.2d 710 (1996)
Arthur Lee HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2168.
District Court of Appeal of Florida, First District.
December 30, 1996.
Rehearing Denied February 13, 1997.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges his convictions and sentences for first degree murder, armed burglary and armed robbery. Although we affirm, we write to address the appellant's assertion that the trial court erred in denying his unequivocal request to represent himself.
Prior to trial, the appellant filed several pro se motions in an attempt to dismiss his court-appointed counsel and pursue a discharge on the basis of the speedy trial rule. In response to the appellant's request to represent himself, the trial court inquired about the appellant's age, education, and ability to conduct his own defense. The court emphasized that the state was seeking the death penalty in his case and that the defendant would have to prepare for a penalty phase should he be convicted of the murder charge. Despite the appellant's representations that he could handle such a defense, the trial court denied his request, concluding that "there are unusual circumstances which would deprive Mr. Hughes of a fair trial if he were permitted to conduct his own defense."
Although ample precedent from this court supports the trial court's ruling, see, e.g., Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984), the Second District sitting en banc has recently questioned the "fair trial" standard and concluded that it is inconsistent with the strictures of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We accordingly affirm the convictions and sentences, but certify to the supreme court the same question certified in Bowen v. State, 677 So.2d 863 (Fla. 2d DCA 1996) (en banc):
ONCE A TRIAL COURT HAS DETERMINED THAT A DEFENDANT HAS KNOWINGLY WAIVED HIS OR HER RIGHT TO COUNSEL, MAY THE COURT NONETHELESS REQUIRE THE DEFENDANT TO BE REPRESENTED BY COUNSEL BECAUSE OF CONCERN THAT THE DEFENDANT MIGHT BE DEPRIVED OF A FAIR TRIAL IF TRIED WITHOUT SUCH REPRESENTATION?
MICKLE and LAWRENCE, JJ., concur.