687 So.2d 29 (1997)
Paul HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-943.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Paul Harris was convicted of several counts of aggravated stalking, burglary of a structure, criminal mischief, and grand theft. He was sentenced within the guideline range. Harris, who received consent to represent himself, now seeks reversal because the court did not renew the offer of assistance of counsel "at each subsequent stage of the proceedings." See Rule 3.111(d)(5), Florida Rules of Criminal Procedure.
The court properly conducted a Faretta hearing and concluded that Harris was competent to represent himself at trial. Although there was a mistrial because of a statement by one of the witnesses, we conclude that the retrial conducted shortly thereafter was not a "subsequent stage of the proceedings" within the contemplation of the rule. Harris had just been given the opportunity *30 to represent himself at trial and the retrial was the repetition of the previous stage rather than a subsequent one. He gave no indication that he desired to change his mind about self-representation.
While we agree that the court should have renewed the offer of assistance of counsel prior to sentencing, we find such error to be harmless in this case. Harris was sentenced within the guideline range and, based on this record, we do not believe that he would have gotten a lesser sentence had the court appointed ten lawyers to speak for him. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
AFFIRMED.
COBB and THOMPSON, JJ., concur.