701 So.2d 378 (1997)
Arthur Lee HUGHES Appellant,
v.
STATE of Florida, Appellee.
No. 95-2168.
District Court of Appeal of Florida, First District.
October 30, 1997.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.

OPINION ON REMAND
ALLEN, Judge.
In Hughes v. State, 686 So.2d 710 (Fla. 1st DCA 1996), we affirmed the appellant's convictions despite the trial court's denial of the appellant's unequivocal request to represent himself. We did so in accordance with precedent from this court holding that the request of a defendant in a criminal prosecution to proceed without counsel may be denied upon a finding by the trial court that self-representation would deprive the defendant of a fair trial. See Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982), rev. denied, 430 So.2d 452 (Fla.1983); Costello v. Carlisle, *379 413 So.2d 834 (Fla. 1st DCA 1982); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 715 (Fla.1978). We noted conflict with the Second District's opinion in Bowen v. State, 677 So.2d 863 (Fla. 2d DCA 1996) (en banc), on this point and certified the same question as the court in Bowen:
ONCE A TRIAL COURT HAS DETERMINED THAT A DEFENDANT HAS KNOWINGLY WAIVED HIS OR HER RIGHT TO COUNSEL, MAY THE COURT NONETHELESS REQUIRE THE DEFENDANT TO BE REPRESENTED BY COUNSEL BECAUSE OF CONCERN THAT THE DEFENDANT MIGHT BE DEPRIVED OF A FAIR TRIAL IF TRIED WITHOUT SUCH REPRESENTATION?
In State v. Bowen, 698 So.2d 248 (Fla. 1997), the supreme court answered the question in the negative and subsequently quashed our opinion in Hughes. See Hughes v. State, 700 So.2d 647 (Fla. 1997). Because this decision effectively overruled our prior precedent on this issue, we recede from Smith, Keene, Costello, Robinson, and Ausby, to the extent that they recognize a fair trial standard under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Because the appellant made an unequivocal request for self-representation, the trial court erred in denying that request in the absence of any indication that the appellant's waiver of counsel was not knowing and voluntary. See Faretta; Bowen.
We accordingly reverse the appellant's convictions and remand this case to the trial court.
MICKLE and LAWRENCE, JJ., concur.