PER CURIAM.
This petition for writ of certiorari seeks review of an order of the trial court which denied petitioner’s request to have counsel appointed to represent him at his retrial on criminal charges. We find that the trial court should have granted the request for appointment of counsel and therefore grant the petition.
Petitioner was previously convicted of first degree murder, armed burglary and armed robbery. In Hughes v. State, 686 So.2d 710 (Fla. 1st DCA 1996) (Hughes I), this court affirmed petitioner’s convictions despite the trial court’s denial of his unequivocal request to represent himself, but we certified a question to the Florida Supreme Court. In State v. Bowen, 698 So.2d 248 (Fla.1997), the supreme court answered the certified question and subsequently quashed our opinion. See Hughes v. State, 700 So.2d 647 (Fla.1997) (Hughes II). We accordingly reversed petitioner’s convictions and remanded this case to the trial court. See Hughes v. State, 701 So.2d 378 (Fla. 1st DCA 1997) (Hughes III).
On remand to the trial court, petitioner made an unequivocal request for the appointment of counsel and stated that he no longer wished to exercise his right to self-representation. The trial court felt it was bound by the decision of the supreme court in Hughes II and the mandate from this court in Hughes III to deny the motion for appointment of counsel. We disagree.
Rule 3.111(d)(5) provides that if a criminal defendant makes a waiver of counsel, the offer of assistance of counsel must be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel. In this case, the supreme court held that it was error for the trial court to have denied a request for self-representation and the case was remanded for a new trial. When the defendant next appeared in the trial court, the rule required that the offer of assistance of counsel be renewed. See Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995); Pall v. State, 632 So.2d 1084 (Fla. 2d DCA 1994). Trial in every ease is a critical stage of the proceedings. See Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988).
The facts of this case are unlike those in Hards v. State, 687 So.2d 29 (Fla. 5th DCA 1997). In Hards, the court held there was no error where the offer of assistance of counsel was not renewed because the retrial was conducted shortly after a mistrial was declared. Here, petitioner’s original trial and conviction occurred in 1995, but his retrial was not scheduled until 1998. Under the facts of this case, it was error to deny petitioner’s request that counsel be appointed for the retrial.
Accordingly, the petition for writ of cer-tiorari is granted and the case is remanded to the trial court with instructions to grant petitioner’s request for appointment of counsel at his retrial.
PETITION GRANTED.
MINER, ALLEN and KAHN, JJ., concur.