WARNER, J.
The state appeals a trial court’s order granting the defendant’s motion for discharge. The defendant filed her demand for speedy trial prior to the filing of an information in the case. Because a demand for speedy trial filed prior to the filing of the information is a nullity, we reverse. See State v. Branam, 434 So.2d 950, 950 (Fla. 2d DCA 1983).
Lazarre was arrested on December 4, 2003 and charged with possession of a counterfeit driver’s license. The 175-day time frame in which the state was required to bring her to trial commenced on that date. See Fla. R. Crim. P. 3.191(a). On the same day, she bonded out of jail and was given an arraignment date of January 9, 2004. Her counsel entered a notice of appearance, waived arraignment, entered a plea of not guilty, and demanded a jury trial. On the date of the arraignment, the state announced “no action.” That same date, Lazarre filed a demand for speedy trial. On April 7, 2004, the state then filed an information charging Lazarre with giving false information to obtain health care licensure, unauthorized possession of a driver’s license, and perjury by false written declaration. Lazarre moved for discharge pursuant to the expiration of speedy trial time from her demand, and the trial court ordered her discharge. The state appeals.
Rule 3.191(b) provides:
(b) Speedy Trial Upon Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court a separate pleading entitled “Demand for Speedy Trial,” and serving a copy on the prosecuting authority.
(emphasis added). Lazarre’s demand for speedy trial was filed on January 9, 2004, three months before the information was filed. Therefore, it was a nullity and did not commence the running of the speedy trial time under rule 3.191(b). State v. Hill, 313 So.2d 766 (Fla.1975); State ex. rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971); Branam, 434 So.2d at 950 (Fla. 2d DCA 1983); State v. Gravlee, 276 So.2d 480 (Fla.1973); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984), receded from on other grounds by Hughes v. State, 701 So.2d 378 (Fla. 1st DCA 1997) (all holding that demands for speedy trials filed prior to filing of information or indictment by state were a nullity).
The trial court relied on Genden v. Fuller, 648 So .2d 1183, 1185 (Fla.1994), which held “the speedy trial time begins to run when an accused is first taken into custody and continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired.” That case, however, is distinguishable because it involved a rule 3.191(a) speedy trial discharge, rather than a rule 3.191(b) demand for trial.
Genden followed State v. Agee, 622 So.2d 473 (Fla.1993), in which the defendant had *316 filed a demand for speedy trial after the state filed an information charging Agee with a crime. The state nolle prossed the information and then later refiled the information. The court held that the nolle prosequi did not toll the running of the statute of limitations, and the state could not refile the charges after the running of the speedy trial time. However, Agee is distinguishable because the state filed the information before the defendant filed his demand for speedy trial.
Neither Genden nor Agee overruled Hill, which held that a speedy trial motion filed prior to an information is a nullity. Thus, Lazarre’s filing of the demand for speedy trial had no effect. The state filed the information within the 175-day speedy trial time. Therefore, the trial court erred in granting Lazarre’s motion for discharge based upon the expiration of speedy trial time.
Reversed and remanded for reinstatement of charges against Lazarre.
POLEN and HAZOURI, JJ., concur.