# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1801
Lower Tribunal No. 2022-CF-1249

_____

CARLIOVIS BANDERA-VALIER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Shannon H. McFee, Judge.

April 24, 2026

KAMOUTSAS, J.

Carliovis Bandera-Valier (Bandera-Valier) appeals the trial court's order revoking his probation and imposing a five-year prison sentence on grounds that the trial court failed to conduct an adequate *Faretta*[1] inquiry at the violation of probation hearing and renew an offer of counsel prior to sentencing in compliance with Florida Rule of Criminal Procedure 3.111(d)(5). We affirm the trial court's order revoking

_____

[1] *Faretta v. California*, 422 U.S. 806 (1975).

probation but reverse and remand for a new sentencing with a renewed offer of counsel, and in doing so, we certify conflict with the Fifth District's decision in *Harris v. State*, 687 So. 2d 29, 30 (Fla. 5th DCA 1997).

Bandera-Valier was arrested for stealing five hundred gift cards from Walmart. He was sentenced to jail time followed by probation. Six months into his probation, Bandera-Valier was charged with violating his probation by leaving his county of residence without first obtaining the consent of his probation officer and for driving under the influence. Bandera-Valier was appointed an attorney.

On May 14, 2024, the case had been set for a plea on his probation violation, but instead, Bandera-Valier refused to enter a plea, claimed ineffective assistance of counsel, and requested alternate counsel. After hearing testimony, the trial court denied the motion and advised Bandera-Valier that he had the right to represent himself. The trial court thereafter made the following written findings:

> The Defendant indicated that he did wish to represent himself, so a *Faretta* Hearing was conducted and the Court finds that the Defendant has knowingly and intelligently waived his right to court appointed counsel and thus the Public Defender's Office is relieved from further responsibility in this case and the Defendant shall be permitted to represent himself.

On July 23, 2024, the violation of probation hearing took place, and the trial court asked Bandera-Valier whether he intended to continue representing himself. Bandera-Valier confirmed he intended to proceed without counsel. After hearing testimony from the State's three witnesses, the trial court ruled that Bandera-Valier

had violated the conditions of his probation. The trial court provided Bandera-Valier with an opportunity to speak on the issue of sentencing but did not renew the offer of assistance of counsel. Based in part on Bandera-Valier's prior criminal history and new arrest on probation, the trial court imposed a five-year sentence.

Bandera-Valier argues that the trial court erred by failing to conduct an adequate *Faretta* inquiry at the beginning of the violation of probation hearing on July 23, 2024.

Florida Rule of Criminal Procedure 3.111(d)(2) provides as follows:

> A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.

"In Florida, the right to counsel has been extended to all probation violation hearings." *White v. State*, 336 So. 3d 427, 428 (Fla. 2d DCA 2022) (citing *State v. Hicks*, 478 So. 2d 22, 23 (Fla. 1985)). "Failing to inquire whether a probationer has knowingly and intelligently waived the right to counsel constitutes fundamental error requiring reversal." *Id*. (citation omitted).

Here, the trial court conducted a *Faretta* hearing on the day Bandera-Valier was set to enter a violation of probation plea. The trial court's order indicated that Bandera-Valier wished to represent himself, a *Faretta* hearing was conducted, and

the trial court found that he knowingly and intelligently waived his right to court appointed counsel and discharged counsel. Accordingly, the record on appeal demonstrates that the trial court properly determined that Bandera-Valier "knowingly and intelligently waived his right to court appointed counsel" as required by Florida Rule of Criminal Procedure 3.111(d)(2). Further, on the facts of this case, the trial court was not required to repeat a *Faretta* inquiry before Bandera-Valier's evidentiary hearing. There was no intervening crucial stage that occurred between the initial hearing and the evidentiary hearing on Bandera-Valier's violation of probation. The fact that the *Faretta* inquiry took place several weeks prior to the evidentiary hearing on Bandera-Valier's violation of probation is not dispositive. *See Birlkey v. State*, 220 So. 3d 431, 434 (Fla. 4th DCA 2017); *Lamb v. State*, 535 So. 2d 698, 699 (Fla. 1st DCA 1988) (finding that the pretrial hearing on the waiver of counsel conducted three weeks before trial was the start of the trial stage where there were no changes between the pretrial hearing and the trial); *Noetzel v. State*, 328 So. 3d 933, 951 (Fla. 2021) ("[O]nce a court determines that a competent defendant of his or own free will has knowingly and intelligently waived the right to counsel, the dictates of *Faretta* are satisfied, the inquiry is over, and the defendant may proceed unrepresented." (citation and internal quotation marks omitted)). Further, "absent a substantial change in circumstances that would cause the trial court to question its original ruling on the defendant's request for self-representation,

4

there is no concomitant requirement to revisit *Faretta* every time the offer of counsel is subsequently renewed and rejected." *Noetzel*, 328 So. 3d at 951 (citations omitted).

However, upon concluding Bandera-Valier violated his probation and prior to sentencing, the court did not renew an offer of counsel, and thus erred. This Court has previously recognized:

> Once the defendant is charged—and the [Article 1] Section 16 [of the Florida Constitution] rights attach—the defendant is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel. At the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver.

*Brannon v. State*, 396 So. 3d 420, 423 (Fla. 6th DCA 2024) (quoting *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992)). "This requirement is codified in rule 3.111(d)(5): '[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.'" *Id.* The Florida Supreme Court has recognized that "[s]entencing is considered a critical stage at which a defendant is entitled to counsel." *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008) (citation omitted).

In *Harris*, 687 So. 2d at 29, the Fifth District Court of Appeal found that the lower court properly conducted a *Faretta* hearing and concluded Harris was competent to represent himself at trial. After a mistrial, a retrial was held shortly

thereafter, and the Fifth District concluded that the retrial was "not a 'subsequent stage of the proceedings' within the contemplation of the rule," because "Harris had just been given the opportunity to represent himself at trial and the retrial was the repetition of the previous stage rather than a subsequent one." *Id*. at 29-30. The Fifth District further noted:

> While we agree that the court should have renewed the offer of assistance of counsel prior to sentencing, we find such error to be harmless in this case. Harris was sentenced within the guideline range and, based on this record, we do not believe that he would have gotten a lesser sentence had the court appointed ten lawyers to speak for *him*.

*Id.* (citation omitted).

In the present case, although sentencing was within the guidelines and took place the same day as the brief probation hearing that began with a renewed offer of counsel rejected by Appellant, binding authority compels this Court to reverse and remand for a resentencing after a renewed offer of counsel is made to Bandera-Valier. *See Jackson*, 983 So. 2d at 566 ("[A] denial of counsel for an entire sentencing proceeding would constitute fundamental error…."); *Reed v. State*, 837 So. 2d 366, 369-70 (Fla. 2002) ("[F]undamental error is not subject to harmless error review. By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental.").

Finally, recognizing our decision here observes strict compliance with binding authority and the requirements of rule 3.111(d)(5), and since *Harris* resolved the

case from a harmless error standpoint, an approach we consider unavailable to us, we certify conflict.

AFFIRMED in part; REVERSED in part; and REMANDED. CONFLICT CERTIFIED.

TRAVER, C.J., and WOZNIAK, J., concur.
KAMOUTSAS, J., concurs specially.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

KAMOUTSAS, J., concurring specially.

I concur with the majority's decision but write separately to identify the body of Florida Supreme Court precedent that has applied a less-than-strict approach to failures to perfectly observe rule 3.111(d)(5) in light of the circumstances of a particular case. *See, e.g.*, *Jones v. State*, 449 So. 2d 253, 258-59 (Fla. 1984) ("The trial court pointed out to defendant that numerous competent attorneys had been previously appointed, that he had discharged all of them, that he was not entitled to the appointment of an attorney of his choice, that he had chosen to represent himself, and that they were now in the middle of the trial. . . . Defendant now urges that the trial court failed to renew the offer of counsel at the sentencing stage and that this

constitutes reversible error. We disagree, as this would exalt form over substance. It is clear from the record that the issue of counsel was before the court and that defendant was merely repeating his earlier meritless arguments that he was entitled to a lawyer of his choice . . . . We consider it implicit in *Faretta* that the right to appointed counsel, like the obverse right to self-representation, is not a license to abuse the dignity of the court or to frustrate orderly proceedings, and a defendant may not manipulate the proceedings by willy-nilly leaping back and forth between the choices."); *Rogers v. Singletary*, 698 So. 2d 1178, 1180 n.2 (Fla. 1996) ("We find no rule 3.111(d)(5) violation because the court appointed two prominent attorneys as standby counsel who appeared with Rogers at each stage of the proceedings. Rogers is not entitled to habeas relief on this issue."); *State v. Roberts*, 677 So. 2d 264, 265 (Fla. 1996) ("We agree that under normal circumstances, rule 3.111(d)(5) requires a trial court to advise a *pro se* defendant of the right to counsel at each subsequent stage of trial. However, to apply the rule strictly in this case would produce an absurd result."); *Potts v. State*, 718 So. 2d 757, 760 (Fla. 1998) ("As with other constitutional rights, the right of self-representation is best safeguarded not by an arcane maze of magic words and *reversible error traps*, but by reason and common sense." (citation omitted; emphasis added)); *Knight v. State*, 770 So. 2d 663, 670 n. 6 (Fla. 2000) ("A defendant's right to have court-appointed counsel discharged and right to represent himself becomes meaningless and a source of

8

gamesmanship if the trial court has to offer counsel to the defendant each time he appears in court."); *Jackson*, 983 So. 2d at 578 ("A complete deprivation of counsel during resentencing, as occurred in *Gonzalez,* is fundamental error. *The partial deprivation of counsel under the facts in this case*, however, is not." (emphasis added)).

To be fair, the cases above have additional facts that do not exist here—i.e., three involve capital cases, others include the existence of standby counsel, repeated appointments and discharging of counsel, a partial absence of counsel during a single proceeding, etc.

But still, what we have in this case is a scenario where on the day a probation hearing was held, a renewed offer of counsel was made to Appellant in the morning, he confirmed his desire to continue *pro se*, and in the afternoon after three witnesses, he was found to be in violation of his probation. Appellant was asked if he had anything to share with the court, and then he was sentenced right afterward to a legally permissible sentence. Additionally, the remand in this case could result in the exact same sentence and exact same outcome—including Appellant's declining counsel again. All in all, I write out of concern that this seems to place form over substance, promote gamesmanship in seeking self-representation, serve as a reversible error trap for trial judges, and could lead ultimately to an absurd result,

which does not seem to entirely comport with a body of Florida Supreme Court precedent.

_____

Giovana Linale Upson, of Giovana Linale Upson, P.A., Naples, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and David Campbell, Senior Assistant Attorney General, Tampa, for Appellee.