719 So.2d 349 (1998)
Gary SPROULE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2507.
District Court of Appeal of Florida, Fourth District.
October 7, 1998.
*350 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In this appeal, Gary Sproule, the appellant, raises five separate challenges to his judgment of conviction and sentence for grand theft of an automobile. The trial court's failure to renew the offer of assistance of counsel prior to the commencement of trial, as required by Florida Rule of Criminal Procedure 3.111(d)(5), is among the errors cited. Finding that this error is dispositive and requires reversal, we remand for a new trial.
Sproule proceeded to trial on December 16, 1996, pro se. Although the trial court conducted a proper Faretta[1] inquiry during a pretrial motion hearing on November 13, 1996, the offer of assistance of counsel was not renewed prior to the next crucial stage the trial itself. During the time that passed between the pretrial hearing at which the trial court conducted the Faretta inquiry and the trial, appellant appeared before the court on two occasions. On November 25, 1996, appellant was before the court for another pretrial hearing where he presented a petition for writ of habeas corpus, alleging a lack of probable cause, and a motion, alleging that he was being denied access to the jail's law library. On December 13, 1996, appellant was again before the court for calendar call. The trial court did not renew the offer of counsel at either the November 25 hearing or the December 13 calendar call.
A defendant's waiver of the right to counsel applies only to the stage of the proceedings during which the waiver is made. "Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented." Traylor v. State, 596 So.2d 957, 968 (Fla.1992); see also Fla. R.Crim. P. 3.111(d)(5)("If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel."). The commencement of trial is a critical stage, see, e.g., Enrique v. State, 408 So.2d 635, 637 (Fla. 3d DCA 1981), and, therefore, requires the trial court to renew the offer of assistance of counsel to an unrepresented defendant. In the instant case, the lower court simply failed to renew the offer at trial. In light of this oversight, *351 we are compelled to reverse the judgment of conviction and remand for a new trial.
In so doing, we note that we do not believe that Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988), compels a different result. In that case, the First District affirmed the judgment of conviction, despite the failure to renew the offer of assistance of counsel, stating
The pretrial hearing on the waiver of counsel addressed Lamb's competence and ability to appear pro se at the trial stage, and the fact that the trial occurred three weeks later is immaterial. The rule does not place a time limitation on an offer and waiver of counsel. Since there was no change in that critical stage, rule 3.111(d)(5) does not come into play and no error occurred.
535 So.2d at 699. In Lamb, the very subject of the pretrial hearing at issue was Lamb's motion to have court-appointed counsel withdrawn so that he could represent himself at the upcoming trial. Further, unlike Lamb, where there were no intervening proceedings during the three weeks that passed between the pretrial hearing and trial, here, the record indicates two other appearances before the court where the offer was not renewed.
REVERSED and REMANDED.
POLEN, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). On July 16, 1998, our supreme court adopted amendments to rule 3.111 and attached as an appendix to its opinion a model Faretta inquiry. See In re Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)(3), 23 Fla. L. Weekly S391, 719 So.2d 873, (Fla. 1998).