PER CURIAM.
A week prior to his scheduled trial on two third-degree felonies, appellant discharged his court appointed counsel and elected self-representation at the trial. The court, following the procedures of Rule 3.111(d), accepted the waiver of counsel. Due to a continuance requested by appellant, as well as other scheduling delays not attributable to him, the commencement of the trial was delayed for nearly four months, during which interval of time appellant appeared before the court for three discrete hearings.[1] The court did not at any of those hearings, nor at the commencement of the trial nor at any time thereafter, renew the offer of assistance of counsel.[2] The failure to do so, the only issue raised on this appeal from appellant’s conviction, requires us to reverse the judgment and sentence on the authority of *1221 Sproule v. State, 719 So.2d 349, 23 Fla. L. Weekly D2264 (Fla. 4th DCA Oct.7, 1998), and remand for a new trial.
REVERSED and REMANDED.
WARNER and TAYLOR, JJ., concur.
OWEN, WILLIAM C., Jr., Senior Judge, concurs specially, with opinion.

. The three hearings were: appellant’s motion for continuance and supplementary discovery; appellant's demand for discovery; and a calendar call at which appellant presented oral motions for limitations on the state’s evidence. None of these could be fairly considered as "a crucial stage of the proceedings.”

. The court did, at one of the hearings and during trial, remind appellant of the difficulties and problems involved in self-representation.