818 So.2d 686 (2002)
Lynnie R. CLARY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1612.
District Court of Appeal of Florida, Fifth District.
June 14, 2002.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Clary appeals from his judgment and *687 sentences for burglary of a dwelling[1] and dealing in stolen property.[2] He entered no contest pleas to the charges at a time when he was not represented by counsel and had not waived his right to counsel. He was sentenced to seven years in prison followed by five years on probation, pursuant to the plea bargain entered into with the state. We reverse and remand for further proceedings.
The state concedes in this appeal that the judge erred in failing to conduct a Faretta[3] inquiry, and that this omission is not subject to the harmless error analysis. See State v. Young, 626 So.2d 655 (Fla. 1993); Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Crutchfield v. State, 454 So.2d 1074 (Fla. 4th DCA 1984).
In this case, LeDuc was appointed to represent Clary on December 18, 2000, after the public defender certified a conflict. Clary filed a motion to dismiss LeDuc on February 28, 2001 and to have the court appoint new counsel. The trial judge held a Nelson hearing[4] and told Clary another attorney could not be appointed unless there was a conflict or LeDuc was rendering ineffective assistance of counsel. The judge found LeDuc was not ineffective.
The judge instructed Clary that he could allow LeDuc to withdraw and Clary could represent himself, or he could hire his own attorney. Clary said he could not represent himself. The judge denied Clary's motion to dismiss counsel.
On April 25, 2001, LeDuc filed a motion to withdraw, claiming a conflict of interest had arisen. At the hearing held on the motion, LeDuc explained Clary had filed a grievance against her with the Florida Bar and she was not comfortable continuing to represent him. Clary maintained he did not want to represent himself. The judge allowed LeDuc to withdraw, but he refused to appoint other counsel for Clary. He concluded that by filing the motion to dismiss LeDuc, Clary had indicated his desire to represent himself.
Clary appeared without counsel at a hearing on May 7, 2001. When the judge asked if he was prepared to go to trial, Clary said he needed a lawyer. The judge refused to appoint another attorney. The prosecutor placed on the record a plea offer of seven years in prison followed by five years.
On May 15, 2001, Clary filed a motion to appoint trial counsel, or to be allowed to accept an earlier plea offer from the state of five years in prison followed by five years probation. At a hearing held on May 21, 2001, the prosecutor repeated the offer of seven years in prison followed by five years on probation. Clary was still not represented by counsel. He tried to *688 accept the earlier plea offer, but was turned down by the prosecutor. Finally, Clary pled to the charges based on the current offer.
This record and the state's concessions establish that Clary entered his plea and was sentenced without assistance of counsel guaranteed by the federal and state constitutions. Even if his actions constituted a waiver of counsel, the judge failed to make the inquiries required by Faretta and Florida Rule of Criminal Procedure 3.111(d)[5] to determine if he knowingly, intelligently and voluntarily waived his right to counsel.
The state recommends that this case be remanded so that Clary can decide whether he wishes to withdraw his pleas. Should he do so, the state requests the opportunity to withdraw from the plea agreement and to proceed to trial on all counts. See Govea v. State, 785 So.2d 638 (Fla. 5th DCA 2001).
It appears that under these circumstances where fundamental error has occurred at the plea stage,[6] Clary's plea in this case is fatally flawed. This cause must be remanded so that the trial judge can properly advise Clary of his right to assistance of counsel and make sufficient inquiry to assure that any waiver is free and intelligent. Unless Clary knowingly and intelligently waives his right to counsel, the court should appoint counsel to represent him. Thereafter Clary may enter a new plea pursuant to a newly negotiated plea agreement with the state, or proceed to trial on any counts deemed appropriate by the state, since it would then not be bound by any prior plea bargain.
REVERSED and REMANDED for further proceedings.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] § 810.02(1) & (3), Fla. Stat.
[2] § 812.019(1), Fla. Stat.
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (a defendant in a state criminal trial has the constitutional right of self-representation and may forego the right of assistance of counsel; however, it is incumbent on the trial judge to examine the defendant to determine whether the waiver of this right is made knowingly and intelligently before allowing the defendant to proceed without the assistance of counsel).
[4] In Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), the Florida Supreme Court adopted the procedure in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), to be followed when a defendant seeks to discharge his court appointed counsel before trial on grounds of ineffective assistance. The trial judge is required to make a sufficient inquiry of the defendant to determine whether appointed counsel is rendering effective assistance to the defendant and if not, to replace such counsel.
[5] Rule 3.111(d) provides:

d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
(3) Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
[6] See State v. B.P., 810 So.2d 918 (Fla.2002); State v. T.G., 800 So.2d 204 (Fla.2001).