ORFINGER, R. B., J.
In this Anders[1] case, Daniel W. Brown, Sr. challenges his conviction and sentence, alleging that his plea was invalid because he was unrepresented by counsel. We reverse because the record fails to demonstrate that the trial court conducted a proper Faretta[2] inquiry when it allowed Brown to represent himself or offered Brown the assistance of counsel when he entered his plea.
Brown was charged with sale and delivery of a controlled substance within one thousand feet of a school[3] and felony driving while license suspended.[4] On the morning of trial, Brown, then unrepresented by counsel, entered a negotiated plea to the drug offense in exchange for an agreed upon sentence and the State’s dismissal of the driver’s license charge. Why Brown was unrepresented is unclear. The record before us shows that Brown was found to be indigent and had counsel appointed to represent him early in the proceedings. However, there is nothing in the record that demonstrates why Brown was unrepresented at the time he entered the plea or if a Faretta hearing was ever conducted.[5]
Even if we assume that Brown discharged appointed counsel prior to trial following an appropriate Faretta hearing, a defendant’s waiver of the right of counsel applies only to that stage of the proceedings during which the waiver is made. Sproule v. State, 719 So.2d 349 (Fla. 4th DCA 1998). “Where the right to counsel *205 has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.” Traylor v. State, 596 So.2d 957, 968 (Fla.1992). See Fla. R.Crim. P. 3.111(d)(5) (“If a waiver [of counsel] is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.”). The entry of a plea is a critical stage in a criminal proceeding. Clary v. State, 818 So.2d 686 (Fla. 5th DCA 2002). Consequently, Faretta and rule 3.111(d)(5) required the trial court to renew the offer of assistance of counsel to Brown before accepting his plea. Because that was not done, we are compelled to reverse the judgment and sentence and remand for further proceedings.
On remand, the trial court must advise Brown of his right to counsel and make certain that should he wish to proceed unrepresented, a proper Faretta inquiry is made. Thereafter, Brown may again enter a new plea if the parties successfully negotiate a plea agreement, or the matter may proceed to trial on any charges deemed appropriate by the State, which would then not be bound by any prior plea agreement. Clary, 818 So.2d at 688.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
GRIFFIN and PLEUS, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (a defendant in a state criminal trial has the constitutional right of self-representation and may forego the right of assistance of counsel; however, it is incumbent on the trial judge to examine the defendant to determine whether the waiver of this right is made knowingly and intelligently before allowing the defendant to proceed without the assistance of counsel).

. § 893.13(l)(c)l, Fla. Stat. (2001).

. § 322.34(2)(c), Fla. Stat. (2001).

. The State failed to file a brief in this matter. Accordingly, we have only the record brought forth by Brown.