PER CURIAM.
Appellant, James Kearse, raises three issues on appeal, one of which we find dispositive. Before a pre-trial suppression hearing, Kearse unequivocally requested that he be allowed to represent himself. The trial court denied the appellant’s request without conducting a Faretta hearing. In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has an affirmative right to present his own defense. A trial court may not impose counsel on a “literate, competent, and understanding” defendant that has voluntarily waived his right to counsel. Id. at 835, 95 S.Ct. 2525. This requirement is reflected in Florida Rule of Criminal Procedure 3.111(d)(3) which provides:
Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of *349 record that the defendant has made a knowing and intelligent waiver of the right to counsel.
The focus of a Faretta hearing under Rule 3.111 is whether a defendant is competent to waive the right to counsel, not whether he is competent to provide an adequate defense. See State v. Bowen, 698 So.2d 248, 251 (Fla.1997). Here, the record reveals that the trial court’s inquiry focused exclusively on Kearse’s education, legal experience, and dissatisfaction with the public defender’s quality of representation. The trial court concluded, “Well, what I’m going to do at this time is I’m going to deny your request to represent yourself. I don’t believe that you have the training and ability to do that.”
Cases such as Bowen establish that denial of a “literate, competent, and understanding” defendant’s right to voluntary self-representation requires a new trial. Bowen, 698 So.2d at 251. We find it equally clear that denial of this right at any “crucial stage” of the proceedings requires reversal. In addressing the requirement to renew an offer of the assistance of counsel at each subsequent stage of the proceedings, • our supreme court held: Traylor v. State, 596 So.2d 957, 968 (Fla.1992) (emphasis added). The hearing on Kearse’s suppression motion was a “crucial stage” in the proceedings below. Accordingly, Kearse had a right to “choose his manner of representation” absent a finding that his waiver of counsel was not competent or voluntary.
that a prime right embodied by the Section 16 Counsel Clause [Florida Constitution] is the right to choose one’s manner of representation against criminal charges. In order for this right to have meaning, it must apply at least at each crucial stage of the prosecution. For purposes here, a “crucial stage” is any stage that may significantly affect the outcome of the proceedings.... Once the defendant is charged — and the Section 16 rights attach — the defendant is entitled to decide at each crucial stage of the proceedings whether he or she requires assistance of counsel.
We do not intimate that the trial court erred otherwise in denying the motion to suppress. Nevertheless, we must vacate the order on that motion and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, BOOTH, and KAHN, JJ., concur.