949 So.2d 1119 (2007)
Derrick B. BLOODSAW, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1982.
District Court of Appeal of Florida, Third District.
February 21, 2007.
Bennett H. Brummer, Public Defender, Miami, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, Orlando, and Angel L. Fleming, Assistant Attorney General, Miami, for appellee.
Before RAMIREZ, SUAREZ, and LAGOA, JJ.
RAMIREZ, J.
Derrick B. Bloodsaw appeals his judgment of conviction and sentence. We affirm, finding that Bloodsaw properly exercised his right of self-representation.
At a pre-trial hearing on May 14, 2004, the trial court conducted a full Faretta hearing.[1] The trial court offered Bloodsaw a detailed explanation of the advantages of having a lawyer to represent him, as well as the dangers and disadvantages of self-representation. The trial court also questioned Bloodsaw's competency level and noted that Bloodsaw was a very intelligent individual who could represent himself quite adequately. The trial court noted that Bloodsaw had a college education and had represented himself previously in court proceedings. The trial court determined that Bloodsaw was competent, understood everything, and had willingly, freely, knowingly, and voluntarily chosen to represent himself. The court appointed a public defender as standby counsel.
Six pre-trial hearings occurred thereafter at which the trial court did not offer to appoint counsel. During the pre-trial hearing on March 9, 2005, the following exchange occurred:

*1121 THE COURT: Mr. Bloodsaw, I am required by law to inquire when we have a critical stage, and as I told you previously, I have to inquire whether you wish to continue to represent yourself. Your plea  which we already had long ago.
BLOODSAW: Excuse me.
THE COURT: When you pled not guilty in your arraignment. We have your plea of not guilty and of course, should you decide to negotiate with the State and plead, that will also be a plea bringing the jury in for jury selection.
He is starting the trial, witness' testimony, the motion to suppress evidence, confessions, and something like that. Those would be a critical-stage status, but it wouldn't be a critical stage of the motion to compel discovery. However, I will let you know that to be sure. I will ask you every time whether or not you wish to continue to represent yourself and not avail yourself to the court appointed counsel.
Is it your 
BLOODSAW: I will continue.
The trial commenced on March 21, 2005. At the start of the trial, the trial court conducted the following inquiry:
THE COURT: I understand that you have assumed the responsibility of representing yourself during this trial.
BLOODSAW: That's correct.
THE COURT: And you have done so freely and voluntarily, is that correct.
BLOODSAW: That's correct.
THE COURT: And I believe, Judge Soto and other judges in this building have each gone over with in a lot of detail about the consequences and the different possibilities of representing yourself. Have you clearly and fully understood all of those consequences?
BLOODSAW: Yes, I have.
THE COURT: Now, knowing that, are you still willing to go forward and represent yourself in this matter?
BLOODSAW: I am going to, yes.
The court did not discuss Bloodsaw's self-representation at any time during the course of trial. At trial, Bloodsaw did not testify or present any witnesses. The jury found Bloodsaw guilty of burglary of an occupied dwelling and not guilty of petit theft.
Bloodsaw argues that a new trial is required because the trial court did not renew its offer of assistance of counsel before the start of trial. We do not agree.
Under the circumstances of this case, the trial court fully satisfied the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). It is undisputed that the trial court correctly determined that Bloodsaw waived his right to counsel at the pretrial hearing on May 14, 2004. Id. at 835, 95 S.Ct. 2525 (holding that the trial court must conduct an inquiry to ascertain if a defendant's waiver of counsel is knowing and intelligent).
We do not believe that Bloodsaw is entitled to a new trial based upon a violation of Florida Rule of Criminal Procedure 3.111(d)(5). When a defendant waives his right to appointed counsel, rule 3.111(d)(5) requires a court to renew its offer of assistance of counsel at each subsequent stage of the proceedings where the defendant appears without counsel. Specifically, rule 3.111(d)(5) provides:
If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
"Each subsequent stage" is construed as each crucial stage that may affect the outcome *1122 of the proceedings. See Traylor v. State, 596 So.2d 957, 968 (Fla.1992). Florida courts repeatedly have recognized the renewal requirement at each subsequent stage. See Segal v. State, 920 So.2d 1279, 1280 (Fla. 4th DCA 2006); Brown v. State, 830 So.2d 203, 205 (Fla. 5th DCA 2002); Pall v. State, 632 So.2d 1084, 1084-85 (Fla. 2d DCA 1994).
We likewise do not believe that the Fourth District Court's decision in Sproule v. State, 719 So.2d 349 (Fla. 4th DCA 1998), compels us to order a new trial here for any violation of rule 3.111(d)(5). We do recognize, however, that the commencement of trial is a critical stage of the proceedings, see Enrique v. State, 408 So.2d 635, 637-38 (Fla. 3d DCA 1981), to which every defendant has a right to counsel.
The Fourth District Court of Appeal held in Sproule that a trial court's failure to renew the offer of assistance of counsel prior to trial requires reversal and remand for a new trial. Id. at 350-51. In that case, like in the case before us, the trial court conducted a proper Faretta inquiry during a pretrial hearing. Id. at 350. At trial, approximately one year after the pretrial hearing, the trial court did not renew the offer of assistance of counsel. Id. The defendant in Sproule, like Bloodsaw, appeared before the trial court on more than one occasion between the pretrial hearing at which the trial court conducted the Faretta inquiry and trial. Id.
Although the trial court was required to renew its offer of assistance of counsel at the commencement of Bloodsaw's trial, as rule 3.111(d)(5) requires when a "defendant appears without counsel," the trial court's non-compliance with the rule here is harmless error. First, Bloodsaw did not appear without counsel at the beginning of trial. Unlike the defendant in Sproule, the trial court appointed standby counsel for Bloodsaw. Bloodsaw accepted the appointment of standby counsel at the pretrial hearing on May 14, 2004. The transcript reflects that Bloodsaw relied upon standby counsel during proceedings, and standby counsel was present at the commencement of the trial. During the trial, standby counsel assisted Bloodsaw on numerous occasions, and Bloodsaw actually consulted with his standby counsel. At no time did Bloodsaw indicate that he wanted to terminate self-representation. The Florida Supreme Court noted in Knight v. State of Florida, 770 So.2d 663, 670 (Fla.2000), "[S]tandby counsel is a constant reminder to a self-representing defendant of his right to court-appointed counsel at any stage of the proceeding." See also Mincey v. State, 684 So.2d 236, 238 (Fla. 1st DCA 1996); Harrell v. State, 486 So.2d 7, 7-8 (Fla. 3d DCA 1986); Jones v. State, 449 So.2d 253, 258 (Fla.1984).
Additionally, Bloodsaw's waiver at the pretrial hearing at which the trial court appointed standby counsel was knowing and intelligent. See Faretta, 422 U.S. at 835, 95 S.Ct. 2525. The record reflects that the trial court made Bloodsaw aware of the dangers and disadvantages of self-representation at the pretrial hearing held on May 14, 2004. Bloodsaw unequivocally declared that he wanted to represent himself at the pre-trial hearings held on May 14, 2004 and March 9, 2005, and at the start of the trial. At all times, Bloodsaw persisted on self-representation and, undoubtedly, voluntarily exercised his own free will in so doing.
Moreover, the record demonstrates that the trial court renewed its offer of counsel twelve days before trial at the March 9, 2005 hearing. During the hearing, the trial court asked Bloodsaw if he wanted to continue to represent himself "and not avail [himself] to the court appointed counsel," *1123 to which Bloodsaw responded, "I will continue." Bloodsaw again reaffirmed his decision to represent himself at the start of trial in response to the trial court's question, "Now, knowing that, are you still willing to go forward and represent yourself in this matter?"
We find Bloodsaw's remaining issue raised on appeal to be without merit. Thus, for the reasons stated, we affirm the judgment of conviction and sentence.
Affirmed.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).