CRENSHAW, Judge.
 

 Tajhon Boderick Wilson appeals his conviction for robbery with a firearm. Because we conclude that the trial court erred by failing to renew an offer of assistance of counsel at the commencement of Wilson’s trial, we reverse Wilson’s judgment and sentence and remand for further proceedings.
 
 [1]
 

 Before Wilson’s trial began in January 2010, the trial court conducted numerous pretrial hearings from July 2009 to December 2009. At the September 11, 2009, pretrial hearing, Wilson expressed that he wanted to represent himself. Accordingly, the trial court conducted a detailed
 
 Faret-ta
 
 inquiry pursuant to
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), addressing the advantages of having a court-appointed counsel. Nonetheless, Wilson decided that he would proceed pro se, and the trial court appointed him standby counsel. The trial court conducted another brief
 
 Faretta
 
 colloquy at a December 8, 2009, status hearing on Wilson’s pending motion to suppress, and Wilson again elected to represent himself.
 

 The trial court subsequently conducted the suppression hearings on December 11 and December 14, and reserved ruling on the motion until the start of trial. On the morning of Wilson’s trial on January 4, the trial court conducted a final pretrial hearing outside of Wilson’s presence in which it formally denied the motion to suppress. The trial court instructed that Wilson, who was in the process of being transferred to a different courtroom before a different judge for trial, be provided with its written order of denial. Wilson’s nonappearance at this hearing made it impossible for the trial court to determine if he wanted to continue to proceed pro se.
 

 Once Wilson arrived in the other courtroom and learned that his motion had been denied, he raised several ore tenus motions before the new judge, including a motion to continue the trial by waiving his right to a speedy trial. However, the trial court summarily denied all of Wilson’s motions, and, like the judge before him, did so without renewing an offer of assistance of counsel in accordance with Florida Rule of Criminal Procedure 3.111(d)(5). Rather the case proceeded to trial, and a jury found Wilson guilty as charged. The trial court did not conduct another
 
 Faretta
 
 inquiry until the beginning of Wilson’s sentencing hearing.
 

 I. The Standard of Review
 

 The Counsel Clause of the Florida Constitution under article I, section 16 recognizes the right to counsel and self-representation in all criminal prosecutions.
 
 See Traylor v. State,
 
 596 So.2d 957, 966-67 (Fla.1992);
 
 Brown v. State,
 
 45 So.3d 110, 115 (Fla. 1st DCA 2010). The supreme court went on in
 
 Traylor
 
 to explain that:
 

 Once the defendant is charged — and the Section 16 rights attach — the defendant is entitled to decide at each crucial stage of the proceedings whether he or she
 
 *1088
 
 requires the assistance of counsel. At the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver. Any waiver of this right must be knowing, intelligent, and voluntary, and courts generally will indulge every reasonable presumption against waiver of this fundamental right. Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.
 

 596 So.2d at 968 (footnotes omitted).
 

 Rule 3.111(d)(5) mirrors the intent of section 16 and the language in
 
 Traylor
 
 by providing that “[i]f a waiver [of counsel] is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.” A subsequent or crucial stage “is any stage that may significantly affect the outcome of the proceedings.”
 
 Traylor,
 
 596 So.2d at 968. The need to renew an offer of assistance of counsel depends on whether intervening crucial stages occur after the initial offer, not the passage of time between the initial offer and a subsequent crucial stage.
 
 See Monte v. State,
 
 51 So.3d 1196, 1200 (Fla. 4th DCA),
 
 review granted,
 
 68 So.3d 235 (Fla.2011). The start of trial is considered to be a crucial stage of the proceedings under rule 3.111(d)(5).
 
 See Pall v. State,
 
 632 So.2d 1084, 1084 (Fla. 2d DCA 1994);
 
 Bloodsaw v. State,
 
 949 So.2d 1119, 1122 (Fla. 3d DCA 2007);
 
 Lamb v. State,
 
 535 So.2d 698, 698-99 (Fla. 1st DCA 1988).
 

 The State concedes that the trial court did not provide the requisite
 
 Faretta
 
 inquiry before Wilson’s trial commenced, but it requests that this court apply the harmless error analysis utilized in
 
 Blood-saw,
 
 949 So.2d at 1122. The State emphasizes that Wilson’s apparent intent to represent himself, coupled with the court’s appointment and involvement of standby counsel in all the proceedings, demonstrates that the trial court’s error did not contribute to his conviction. We disagree. A trial court’s failure to conduct a
 
 Faretta
 
 hearing at a critical stage of the criminal proceedings constitutes per se reversible error.
 
 See Tennis v. State,
 
 997 So.2d 375, 379 (Fla.2008);
 
 Davis v. State,
 
 10 So.3d 176, 178 (Fla. 5th DCA 2009);
 
 Flowers v. State,
 
 976 So.2d 665, 666 (Fla. 1st DCA 2008);
 
 Wilson v. State,
 
 947 So.2d 1225, 1226-27 (Fla. 1st DCA 2007). Accordingly, we must determine whether the commencement of Wilson’s trial in this instance should be regarded as a crucial stage of the proceedings requiring the renewal of the offer of assistance of counsel under rule 3.111(d)(5).
 

 II. Discussion
 

 The beginning of the “trial” in the context of rule 3.111(d)(5) may not be the actual start of trial, but the start of the trial stage.
 
 See McCarthy v. State,
 
 731 So.2d 778, 780 (Fla. 4th DCA 1999) (concluding a pretrial hearing was the “commencement of the trial stage of the proceedings, since it addressed McCarthy’s ability to competently handle the mechanics of the trial process on his own”);
 
 Lamb v. State,
 
 535 So.2d 698, 699 (Fla. 1st DCA 1988) (holding a pretrial hearing on the waiver of counsel conducted three weeks before trial was the start of the trial stage where there were no changes between the pretrial hearing and the trial). The trial stage does not necessarily commence when there are intervening proceedings conducted after the most recent
 
 Faretta
 
 inquiry. In
 
 Sproule v. State,
 
 719 So.2d 349, 350
 
 *1089
 
 (Fla. 4th DCA 1998), the Fourth District determined that the renewal of an offer of counsel was necessary at the start of Sproule’s trial after a calendar call and a hearing on his petition for writ of habeas corpus and motion alleging the denial of access to the law library had occurred after the last
 
 Faretta
 
 inquiry. Yet in
 
 Monte,
 
 51 So.3d at 1200, the Fourth District held that an intervening hearing on Monte’s motion to compel discovery, demand for speedy trial, and motion for standby counsel did not invalidate an earlier
 
 Faretta
 
 inquiry because the motions did not present anything of legal substance. Even so, the Fourth District also noted that Monte indicated at the commencement of trial that he was still prepared to proceed pro se, the trial court administered a brief colloquy, and the trial court found that he still intelligently and voluntarily waived his right to counsel.
 
 Monte,
 
 51 So.3d at 1200-01. Hence, it appears that a court’s determination of whether an intervening proceeding significantly affects the validity of a prior
 
 Faretta
 
 inquiry is made on a case-by-case basis.
 

 We conclude that the trial court’s hearing on, and subsequent denial of, Wilson’s suppression motion qualified as an intervening proceeding requiring the trial court to conduct another
 
 Faretta
 
 inquiry. A hearing on a motion to suppress is in and of itself a crucial stage of the proceedings.
 
 See State v. Sigerson,
 
 282 So.2d 649, 651 (Fla. 2d DCA 1973);
 
 Kearse v. State,
 
 858 So.2d 348, 349 (Fla. 1st DCA 2003). Thus it follows that the trial court was required to renew the offer of assistance of counsel at the next crucial stage — when Wilson’s trial commenced three weeks later.
 
 See Stinnett v. State,
 
 576 So.2d 927, 928-29 (Fla. 5th DCA 1991). This was not a case where Wilson was using
 
 Faretta
 
 “as a device to abuse the dignity of the court or to frustrate orderly proceedings.”
 
 Jones v. State,
 
 449 So.2d 253, 257 (Fla. 1984). The trial court simply failed to make any inquiry in accordance with rule 3.111(d)(5) about Wilson’s right to represent himself, and we hold that the failure to do so constituted per se reversible error.
 

 Reversed and remanded for further proceedings.
 

 SILBERMAN, C.J., and WHATLEY, J., Concur.
 

 [1]
 

 . Our resolution on this issue renders Wilson's remaining issues on appeal moot.