NORTHCUTT, Judge.
Eric Perry appeals his convictions for possession of cocaine with intent to sell, driving while license suspended, and use of paraphernalia to transport drugs. We conclude that the trial court erred by allowing Perry to proceed pro se in a suppression hearing without ensuring that his waiver of counsel was knowing, intelligent, and voluntary as required by Faretta v. California, 422 U.S. 806, 96 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Accordingly, we reverse and remand for a new trial.
As the State acknowledges on appeal, there is no record of a proper waiver of counsel before Perry acted pro se in the hearing on his motion to suppress. See Fla. R. Crim. P. 3.111(d)(4) (requiring in-court waiver of counsel to be of record). A proper waiver cannot be presumed. Lawson v. State, 231 So.2d 205, 209 (Fla.1970) (“Presuming waiver from a silent record is impermissible.” (citing King v. State, 157 So.2d 440 (Fla. 2d DCA 1963))). And a suppression hearing is a critical stage of the proceedings. Wilson v. State, 76 So.3d 1085, 1089 (Fla. 2d DCA 2011). “A trial court’s failure to conduct a Faretta hearing at a critical stage of the criminal proceedings constitutes per se reversible error.” Id. at 1088 (citing Tennis v. State, 997 So.2d .375, 379 (Fla.2008)).
Reversed and remanded for a new trial.
SILBERMAN and CRENSHAW, JJ., Concur.