IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFRY R. DICKERSON,

      Appellant,

v.                                                                  Case No.  5D16-3316

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 6, 2017

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Debra B. Tuomey, of Debra B. Tuomey,
Attorney at Law, LLC, Spring Hill, and
Charlie P. Vaughn, Law Office of Charles P.
Vaughn, Inverness, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.

EISNAUGLE, J.

      Appellant, Jeffry Roy Dickerson, appeals his convictions for aggravated stalking

with a firearm, burglary of a dwelling with a firearm, false imprisonment, and aggravated

assault with a firearm against his ex-wife.  We reverse.

Before trial, the State filed a *Williams*[1] rule notice that it intended to offer evidence of similar acts that Appellant allegedly committed against a different ex-wife. Appellant "fired" counsel the day before the *Williams* rule hearing, after counsel admittedly told Appellant that he planned to withdraw. At the hearing, Appellant's counsel moved to withdraw, stating that the relationship with his client had deteriorated to the point that he could not represent Appellant "in good conscience."

After granting counsel's motion to withdraw, the trial court asked Appellant how he wanted to proceed, and Appellant stated, "I'm going to hire a new lawyer," but indicated he had not yet done so. The State announced that it was prepared to proceed with the *Williams* rule hearing and argued that Appellant had intentionally caused his counsel to withdraw for purposes of delay.

The trial court did not make any finding that Appellant was intentionally delaying the proceedings, but instead asked Appellant, "Do you have any problems with going forward with the *Williams* rule hearing today?" Appellant answered, "No, I don't." The trial court then swore in Appellant, and asked him again if "it's okay to go ahead with the *Williams* rule hearing today?" Appellant again answered in the affirmative. The *Williams* rule hearing then commenced with testimony from both of Appellant's ex-wives. The State concedes that the trial court did not conduct a *Faretta*[2] inquiry.

On appeal, Appellant argues the trial court's failure to conduct any *Faretta* inquiry prior to permitting him to represent himself at the pre-trial *Williams* rule hearing – a critical stage of the proceeding – constitutes per se reversible error. We agree.

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).
[2] *Faretta v. California*, 422 U.S. 806 (1975).

In *Faretta*, the United States Supreme Court held that an accused's right to self-representation at trial is protected by the Sixth and Fourteenth Amendments. *See Tennis v. State*, 997 So. 2d 375, 377 (Fla. 2008). Once a defendant makes an unequivocal request for self-representation, the trial court must "hold a hearing[ ] to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel." *Id.* at 378.

Our supreme court has codified *Faretta* in Florida Rule of Criminal Procedure 3.111(d)(2). "Rule 3.111(d)(2) precludes a trial court from finding a valid waiver 'until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make an intelligent and understanding waiver.'" *Hill v. State*, 688 So. 2d 901, 904 (Fla. 1996) (quoting Fla. R. Crim. P. 3.111(d)). "[A] trial court's failure to take the preliminary step of holding a hearing on a defendant's unequivocal pro se request results in per se reversible error." *McCray v. State*, 71 So. 3d 848, 864 (Fla. 2011) (citing *Tennis*, 997 So. 2d at 379). An appellate court's review of a per se *Faretta* violation is not amenable to a harmless error analysis. *See Laramee v. State*, 90 So. 3d 341, 344 n.6 (Fla. 5th DCA 2012).

We find that two of the State's arguments against reversal merit discussion. First, the State argues that a *Williams* rule hearing is not a crucial stage in the proceedings. In *Traylor v. State*, 596 So. 2d 957 (Fla. 1992), the supreme court referenced article I, section 16 of Florida's Constitution in explaining that "[o]nce the defendant is charged—and the Section 16 rights attach—the defendant is entitled to decide at each crucial stage

of the proceedings whether he or she requires the assistance of counsel."[3]  596 So. 2d at 968; *see also Smith v. State*, 845 So. 2d 937, 938 (Fla. 5th DCA 2003) ("[A] criminal defendant facing incarceration has the right to counsel at each critical stage of the proceedings.").

While this issue appears to be one of first impression in Florida, we have little difficulty concluding that the *Williams* rule hearing in this case was a crucial stage of the proceedings.  A crucial stage "is any stage that may significantly affect the outcome of the proceedings." *Traylor*, 596 So. 2d at 968.  The opinion of our sister court in *Kearse v. State*, 858 So. 2d 348 (Fla. 1st DCA 2003), is instructive here.  In *Kearse*, the defendant unequivocally requested self-representation before a pre-trial hearing on his motion to suppress evidence.  *Id.* at 348.  The trial court denied his request and proceeded with the suppression hearing without conducting a *Faretta* inquiry.  *Id.*  On appeal, the first district held that "[t]he hearing on [the defendant's] suppression motion was a 'crucial stage' in the proceedings below."  *Id.* at 349; *see also Wilson v. State*, 76 So. 3d 1085, 1089 (Fla. 2d DCA 2011) ("A hearing on a motion to suppress is in and of itself a crucial stage of the proceedings.").  As such, the district court reversed, reasoning that the defendant "had a right to 'choose his manner of representation' absent a finding that his waiver of counsel was not competent or voluntary."  *Kearse,* 858 So. 2d at 349*.*

We can detect no substantive difference, at least for purposes of a defendant's constitutional right to counsel, between a suppression hearing and a *Williams* rule

---

[3] "Under the state constitution, a defendant's right to counsel's presence applies at each crucial stage of the proceedings; under the federal constitution, defendant is entitled to counsel at each critical stage of the proceeding." *Ibar v. State*, 938 So. 2d 451, 469 (Fla. 2006) (citation omitted).

hearing. Indeed, if a suppression hearing "can significantly affect the outcome of the proceedings," as it undoubtedly can, then it necessarily follows that a *Williams* rule hearing can as well. *See Traylor*, 596 So. 2d at 968. Perhaps it is possible, in theory, that the evidence at a *Williams* rule hearing could be so innocuous that the right to counsel is not implicated. However, we need not decide that today. The evidence presented at the *Williams* rule hearing in the instant case was powerful, and included numerous prior acts by Appellant which were strikingly similar to the conduct with which he was charged. This evidence was, without a doubt, sufficient to "significantly affect the outcome of the proceedings." *See id.* Therefore, a *Faretta* colloquy was required once Appellant agreed to move forward without counsel, and the failure to do so amounts to reversible error.

Second, the State argues that even if a *Williams* rule hearing is a crucial stage of the proceedings, Appellant was nevertheless "sufficiently sophisticated in his knowledge of the courts and the law that a formal hearing was not required," citing to this court's opinion in *Davis v. State*, 10 So. 3d 176 (Fla. 5th DCA 2009). In *Davis*, this court observed that "[t]hose occasions where no reversible error results from failure to conduct a *Faretta* inquiry, following an unequivocal request for self-representation, are few and far between and must be supported with findings of fact." 10 So. 3d at 179. Here, as in *Davis*, the record of the *Williams* rule hearing contains no findings at all regarding Appellant's knowledge or sophistication. Moreover, the record merely demonstrates that Appellant was asked under oath whether he had "any problem going forward" with the *Williams* rule hearing without counsel. In short, the record here falls far short of meeting the narrow exception identified in *Davis*.

Therefore, we reverse and remand for a new trial. We do not reach the additional issues raised by Appellant.

REVERSED and REMANDED.

LAMBERT and EDWARDS, JJ., concur.