PER CURIAM.
Appellant, Christopher Lee Clark, appeals his judgment and sentence, arguing that the trial court abused its discretion by denying his request to represent himself. We agree, reverse the judgment, and remand for further proceedings.
*252 Appellant advised the trial court that he was dissatisfied with his appointed counsel and that if he could not have a different lawyer, he would represent himself at trial. A few days prior to trial, the court conducted a Nelson[1] hearing which resulted in a ruling that appointed counsel was not ineffective and would not be removed. Next, the same judge conducted a Faretta[2] hearing, during which Appellant testified that he was 51 years old, he was a U.S. citizen who could read and write English, his highest level of education was a G.E.D., he had no legal training, and he had no mental, physical, drug, or alcohol impairments. The trial court explained the many reasons why Appellant could benefit from representation; however, Appellant remained adamant that he would rather represent himself than be represented by his current counsel. Appellant told the judge that he did not understand everything the judge was saying, but he was certain that he would rather represent himself than be represented by the appointed lawyer. The first judge concluded that Appellant was making a poor decision and denied his request for self-representation on the basis that Appellant was lacking the insight and capacity to make a proper, informed, constitutionally-permitted decision. After the court announced its ruling, Appellant stated that he would not allow his appointed counsel to represent him.
On the day of trial, a second Faretta hearing was conducted by a different judge after Appellant's appointed counsel advised the court that Appellant would not participate in trial if the appointed counsel was going to represent him. The second judge also explained the benefits of having counsel and the disadvantages of self-representation and heard testimony from Appellant in which he repeated his age, education, literacy, and training as he had during the first Faretta hearing. Appellant told the second judge that he would have no problem with any other lawyer, but he would rather represent himself than be represented by his appointed counsel. The second judge also denied Appellant's request to represent himself, finding that he was not competent to make the decision as to whether it was appropriate to be represented by counsel or not. The trial court then allowed him to leave the courtroom and the trial proceeded without him, resulting in his conviction.
We review the trial court's decision on the defendant's right to self-representation for an abuse of discretion. Slinger v. State , 219 So.3d 163, 164 (Fla. 5th DCA 2017). "In Faretta , the United States Supreme Court held that an accused's right to self-representation at trial is protected by the Sixth and Fourteenth Amendments." Dickerson v. State , 228 So.3d 658, 659 (Fla. 5th DCA 2017). "Once a defendant makes an unequivocal request for self-representation, the trial court must 'hold a hearing[ ] to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.' " Id. (alteration in original) (quoting Tennis v. State , 997 So.2d 375, 378 (Fla. 2008) ).
"[T]he defendant must knowingly and intelligently forego the benefits of counsel, and to that end it is necessary that he be made aware of the dangers and disadvantages of self-representation so that the record will demonstrate that 'he knows what he is doing and his choice is made with his eyes open.' "
*253 Brevard Cty. Bd. of Cty. Comm'rs v. State , 516 So.2d 968, 969 (Fla. 5th DCA 1987) (quoting Faretta , 422 U.S. at 836, 95 S.Ct. 2525 ). "This is established where the record substantiates that the defendant is literate, competent, and understanding, and is exercising his informed free will in rejecting counsel." Id.
Appellant's testimony at both Faretta hearings made it clear that he was literate, competent, and was not suffering from any mental, physical, or substance-related infirmity. While he testified that he did not understand everything that was being said, Appellant said that he understood the advantages of being represented and the disadvantages of being unrepresented. The first judge's finding that Appellant lacked capacity to make the choice to represent himself focused on Appellant's apparent lack of comprehension of the serious nature of the charges and the lack of merit of the defense theory that Appellant intended to pursue. The second judge's decision that he was not competent to make that decision was stated in a conclusory fashion, without any specific reason given. Neither judge's finding that Appellant was incompetent to make the decision to represent himself was supported by competent, substantial evidence.
Furthermore, Appellant clearly and unequivocally told both judges at both hearings that he wanted to represent himself rather than be represented by his appointed counsel. Appellant repeatedly made that statement before and after each judge thoroughly explained the benefits of attorney representation compared to the risks of self-representation. See Dickerson , 228 So.3d at 659 ; Fla. R. Crim. P. 3.111(d)(1)-(5).
Under the circumstances set forth in the record, we hold that in accordance with Faretta , Appellant was constitutionally entitled to represent himself; thus, it was an abuse of discretion to not permit him to do so. Accordingly, we reverse the judgment and sentence, and remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COHEN, C.J., TORPY, and EDWARDS, JJ., concur.

Nelson v. State , 274 So.2d 256 (Fla. 4th DCA 1973).

Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).