# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0617
LT Case No.2017-CF-000430

_____

JOHN BRENNAN BALL,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Marion County.
Lisa D. Herndon, Judge.

Lori Wurtzel, of Wurtzel Law, PLLC, Winter Park, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

March 22, 2024

PER CURIAM.

     John Brennan Ball ("Appellant") appeals the trial court's
order finding him to be retroactively competent following a nunc
pro tunc competency hearing. This Court previously determined
that the trial court erred when it relied solely on counsel's
stipulation in finding Appellant competent and failed to

independently evaluate the expert's written report and make an independent determination of competency as to three of his counts. *Ball v. State*, 319 So. 3d 74 (Fla. 5th DCA 2021). We remanded for the trial court to "conduct a nunc pro tunc competency evaluation, if it can, to determine whether Appellant was competent to proceed at the time of his trial and to enter an appropriate order regarding his competence." *Id.*

On remand, the trial court held a nunc pro tunc competency hearing, following which it found Appellant to be retroactively competent. Both before and during the hearing, Appellant repeatedly requested to be appointed counsel to represent him at the hearing. The trial court denied Appellant's request for counsel. Appellant contends that the court erred when it declined his request for appointed counsel. The State concedes error in that a nunc pro tunc competency hearing is a crucial stage of the proceedings at which Appellant was entitled to be represented by counsel. We agree. *See generally Dickerson v. State*, 228 So. 3d 658, 659–60 (Fla. 5th 2017) (noting that defendants are entitled to counsel at each crucial stage of the proceedings, and defining "crucial stage" as any stage that may significantly affect the outcome of the proceedings); *see also United States v. Ross*, 703 F.3d 856, 874 (6th Cir. 2012) ("Neither the Supreme Court nor the Sixth Circuit have considered whether a competency hearing is a 'critical stage.' 'However, every federal court of appeals to take up the question has answered it affirmatively.'" (internal citations omitted)).

We therefore reverse and remand for the trial court to conduct a nunc pro tunc competency hearing at which Appellant is represented by counsel. We do not address the other issues raised on appeal.

REVERSE and REMANDED with instructions.

JAY, EISNAUGLE, and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____