655 So.2d 1245 (1995)
Ralph M. HARDY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1146.
District Court of Appeal of Florida, Fifth District.
May 26, 1995.
*1246 James B. Gibson, Public Defender, and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Ralph M. Hardy ("Hardy") was convicted and sentenced in multiple cases involving two types of charges: forgery[1] and uttering a false or forged instrument.[2] The victim in each case was Hardy's wife, Edna Ann Hardy. Hardy took checks from her checkbook, wrote checks to himself, and forged her name to the checks. Hardy then cashed the checks. The checking account had been closed ten years before Edna Ann met Hardy. He was never a signatory on the account.
At the time of his arraignment on 16 March 1994 before Judge Nichols, Hardy expressed a desire to represent himself in all pending cases. Judge Nichols allowed Hardy to represent himself. At an adversary preliminary hearing held 11 April 1994 to determine if Hardy should be released on bond, Judge Boyles conducted a Faretta[3] inquiry to determine if Hardy appreciated the consequences of representing himself. At the time, Hardy said that he did understand these consequences. The trial judge found that Hardy was able to represent himself and allowed Hardy to proceed pro se. At the end of the hearing, Hardy entered ten misdemeanor pleas to attempted forgery, and the state dismissed the remaining charges. The pleas were accepted and Hardy was set for sentencing. Hardy now appeals the validity of the Faretta inquiry and his sentences.[4] We affirm in part and reverse in part.
An examination of the court's finding as to whether Hardy was able to represent himself is dispositive of Hardy's appeal. In this regard, Hardy claims that the trial court failed to conduct a proper inquiry during his preliminary hearing. Hardy alleges that the trial court failed to warn him about the dangers and disadvantages of self-representation and failed to inform him of the seriousness of the charges pending against him or of the potential sentence he might face. As a result, *1247 Hardy argues, his eyes were not fully opened when he elected to represent himself. We disagree and conclude that the trial judge conducted an adequate Faretta inquiry at Hardy's preliminary hearing before the judge accepted Hardy's pleas.
The accused in a criminal case is guaranteed the right to self-representation regardless of the nature of the pending charges. See, e.g., Muhammad v. State, 494 So.2d 969 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987). By asserting the right to self-representation, however, an accused relinquishes traditional benefits associated with representation by counsel. Before permitting an accused the right of self-representation, therefore, the trial court must assure itself that the accused is aware of some of the pitfalls of self-representation so that the waiver of counsel is knowingly and intelligently made.[5]Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). The accused should be warned of the dangers and disadvantages of self-representation, the seriousness of the charges against the accused, and the potential sentence if the accused is found guilty. See Taylor v. State, 605 So.2d 958, 959 (Fla. 2d DCA 1992). The best method to ascertain whether the waiver is validly given is to conduct a separate pretrial hearing so the record will support a waiver. Strozier v. Newsome, 926 F.2d 1100, 1104 (11th Cir.), cert. denied, 502 U.S. 930, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).
Specifically, before a trial judge determines whether an accused should be allowed to proceed pro se, the trial judge should consider whether the accused would be deprived of a fair trial based on the accused's age, mental condition, or lack of knowledge or education. A lack of knowledge alone does not render an accused incompetent to proceed pro se. Brevard County Bd. of Comm'rs v. State, 516 So.2d 968, 969-70 (Fla. 5th DCA 1987), review denied, 528 So.2d 1183 (Fla. 1988). At Hardy's adversary preliminary hearing, the trial judge questioned Hardy about his age, education, marital status, competency, work history, familiarity with court proceedings, and knowledge of the services attorneys perform in criminal cases. The trial judge inquired into all of these areas and also took note of Hardy's apparent acquaintance with criminal procedure by the motions Hardy already had filed prior to the hearing and his previous experience in representing himself. Hardy testified that he had represented himself before and that he was representing himself in cases pending in the Fourth Judicial Circuit. Hardy's conduct throughout these proceeding makes clear that he was knowledgeable about the proceedings against him. The judge warned Hardy of the dangers of self-representation, the sentence he faced, and the rights he would be relinquishing. Hardy said that he was completely satisfied with these aspects of his case.
Under these circumstances, we conclude that the trial court's inquiry at the start of the hearing and before taking Hardy's plea was adequate and that Hardy knowingly and intelligently waived his right to counsel. We also note that during the plea colloquy, Hardy testified under oath that he was satisfied with his own representation. A trial court's decision as to self-representation is subject to an abuse of discretion standard of review. Kearse v. State, 605 So.2d 534 (Fla. 1st DCA 1992), review denied, 613 So.2d 5 (Fla. 1993). Because the trial court's Faretta inquiry was adequate, the trial court did not abuse its discretion in allowing Hardy to represent himself, and Hardy's convictions will not be overturned on appeal based on the trial court's decision to permit self-representation.
We affirm Hardy's convictions which were entered based on his pleas; however, we must set aside Hardy's sentences because the trial court did not renew the offer of assistance at sentencing. If a defendant waives the right to counsel at any stage *1248 of the criminal proceedings, the trial court must renew the offer of assistance of counsel at each subsequent stage of the proceedings. Fla.R.Crim.P. 3.111(d)(5). Sentencing is a critical stage in criminal proceedings; and, even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel. Chestnut v. State, 578 So.2d 27, 28 (Fla. 5th DCA 1991). Accordingly, we vacate Hardy's sentences and remand this cause for resentencing. Bowman v. State, 550 So.2d 544 (Fla. 4th DCA 1989); Parker v. State, 539 So.2d 1168, 1169 (Fla. 1st DCA), review denied, 547 So.2d 1210 (Fla. 1989).
Convictions AFFIRMED; Sentences VACATED; REMANDED for resentencing.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 831.01, Fla. Stat. (1993).
[2] § 831.02, Fla. Stat. (1993).
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[4] Hardy's appeal is timely and appealable. Fla. R.App.P. 9.140(b)(1)(A), (E).
[5] This requirement also is contained in Florida Rule of Criminal Procedure 3.111(d)(2), which states that a defendant has not waived the assistance of counsel "until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and... capacity to make an intelligent and understanding waiver."