684 So.2d 236 (1996)
David MINCEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-627.
District Court of Appeal of Florida, First District.
December 2, 1996.
Rehearing Denied December 27, 1996.
*237 Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his robbery conviction, and of an order directing that he pay attorney fees for the services of appointed standby counsel. As to the conviction, appellant argues that reversible error occurred when the trial court (1) failed to renew an offer of counsel at subsequent stages of the proceeding after appellant had been permitted to represent himself with the assistance of appointed standby counsel; and (2) failed to dismiss the case, or at least to hold an additional hearing, because of a perceived discovery violation. We conclude that neither argument merits reversal. However, we believe that some discussion is appropriate regarding the first argument. Because the attorney fee award was entered without affording appellant notice and an opportunity to be heard, we reverse that award.
Following conviction in another case, appellant requested that the public defender representing him in this case be discharged, and that he be permitted to represent himself, with the assistance of standby counsel. The trial court conducted an appropriate inquiry, and then determined that appellant was voluntarily and intelligently waiving his right to counsel, and that he was competent to represent himself. The trial court told appellant that an attempt would be made to find an attorney willing to act as standby counsel. The trial court also told appellant that he "ha[d] a right to be represented by an attorney in every stage of the trial," and that one would again be appointed to represent *238 him if that should be his wish. Appellant acknowledged that he understood his right to the assistance of counsel. A few days later, the trial court appointed an attorney to act as standby counsel. Appellant was never again offered counsel.
Although appellant had been permitted to represent himself, appointed standby counsel participated in a number of pretrial hearings, including examining witnesses during a hearing on a motion seeking to dismiss the case because of a claimed discovery violation. During jury selection, both appellant and standby counsel participated in voir dire, and in the exercise of jury challenges. Appellant made the opening statement and closing argument, and questioned witnesses; however, he frequently conferred with standby counsel. Standby counsel made all of the legal arguments during the trial, including those in support of the motions for a judgment of acquittal. Following the jury's verdict, standby counsel filed a motion for new trial. Standby counsel also argued the motion for new trial, and handled the sentencing. Appellant now claims that he is entitled to a new trial because the trial court did not renew the offer to appoint counsel at each stage of the proceeding subsequent to that at which appellant was permitted to represent himself.
Florida Rule of Criminal Procedure 3.111(d)(5) states that, "[i]f a waiver [of the right to counsel] is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel." In Traylor v. State, 596 So.2d 957, 968 (Fla. 1992), the court said that this procedure is mandated by article I, section 16, of the Florida Constitution:
[W]e hold that a prime right embodied by the Section 16 Counsel Clause is the right to choose one's manner of representation against criminal charges. In order for this right to have meaning, it must apply at least at each crucial stage of the prosecution. For purposes here, a "crucial stage" is any stage that may significantly affect the outcome of the proceedings. Because a prime interest that is protected is the right of the individual to exercise self-determination in the face of criminal charges, prosecution begins under the Counsel Clause when an accused is charged with a criminal act....
Once the defendant is chargedand the Section 16 rights attachthe defendant is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel. At the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver. Any waiver of this right must be knowing, intelligent, and voluntary, and courts generally will indulge every reasonable presumption against waiver of this fundamental right. Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.
(Footnotes omitted.)
The state argues that, although it is clear that the trial court failed to comply with the foregoing procedural requirements, it is equally clear that the error was harmless. We agree. Before permitting appellant to represent himself with the assistance of standby counsel, the trial court gave extensive warnings regarding the dangers of self-representation. It also told appellant that he had the right to be represented by an attorney at every stage of the proceeding, and that, if appellant changed his mind and again wanted appointed counsel, all he had to do was ask. Appellant clearly understood this. In addition, appellant relied on standby counsel extensively, before, during and after the trial. See Harrell v. State, 486 So.2d 7 (Fla. 3d DCA 1986) (holding frequent use of standby counsel by defendant sufficient to serve as constant reminder of right to counsel). Finally, the evidence of appellant's guilt was overwhelming.
Our supreme court has told us "that constitutional errors, with rare exceptions, are subject to harmless error analysis." State v. DiGuilio, 491 So.2d 1129, 1134 (Fla. *239 1986). Even "fundamental errors"i.e., errors which may be raised for the first time on appealare subject to harmless error analysis. State v. Clark, 614 So.2d 453 (Fla. 1992).
We believe that the recent opinion in State v. Roberts, 677 So.2d 264 (Fla.1996), provides strong support for the conclusion that errors such as that at issue here are subject to harmless error analysis. Having performed that analysis, we are convinced that the trial court's failure fully to comply with the requirements of Traylor, and of rule 3.111(d)(5), did not have any effect on the outcome of this case.
Appellant argues that the trial court lacked the power to direct him to pay a fee for the services of appointed standby counsel. We disagree. We believe that the trial court's action was permissible pursuant to section 27.56(1), Florida Statutes (1993), which authorizes the assessment of attorney fees against defendants "who ha[ve] received the assistance of the public defender's office or a special assistant public defender, or the services of a private attorney appointed pursuant to the Florida Statutes or the Florida Rules of Criminal Procedure." Here, appellant requested, and "received the assistance of," appointed standby counsel. Accordingly, we see nothing inappropriate about a fee award for those services. However, we reverse the fee imposed, because appellant was afforded neither notice of intent to seek such a fee nor an opportunity to contest its amount. E.g., Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993). On remand, such a fee may again be imposed, provided that appellant is given notice and an opportunity to contest the amount.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and MICKLE, JJ., concur.