751 So.2d 61 (1999)
Larry R. BEARD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04909
District Court of Appeal of Florida, Second District.
March 24, 1999.
Rehearing Denied May 20, 1999.
Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
Larry R. Beard appeals the judgments and sentences imposed for one count of capital sexual battery (count I) and three counts of committing a lewd act upon a child (counts II, V, and VI). We affirm the convictions with respect to counts I and II. We reverse the convictions as to counts V and VI. We reverse all four sentences.
The State charged Beard in a six-count information. A nolle prosequi was entered for counts III and IV. Beard proceeded to trial on count I for sexual battery and count II for committing a lewd act upon a child. Beard represented himself at trial after the trial court conducted an appropriate hearing pursuant to Faretta v. California, *62 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Beard was convicted as charged on those two counts. Beard entered no contest pleas for the remaining two charges of committing a lewd act, count V and VI. The trial court sentenced Beard to life in prison for count I and forty months in prison on count II. He was sentenced to time served for counts V and VI. Beard filed a timely notice of appeal.
We agree with Beard's contention that it was error for the trial court to fail to renew the offer of assistance of counsel at the sentencing hearing and at the plea proceedings. According to Florida Rule of Criminal Procedure 3.111(d)(5), if a waiver of counsel is accepted at any stage of the proceedings, the trial court shall renew the offer of counsel at each subsequent stage of the proceedings. Sentencing is a critical stage of a criminal proceeding, and a trial court must renew the offer of counsel even if the defendant has previously waived counsel. See Hardy v. State, 655 So.2d 1245 (Fla. 5th DCA 1995); Smith v. State, 590 So.2d 1078 (Fla. 2d DCA 1991). A plea hearing is also a critical stage of the criminal proceeding which requires the renewal of the offer of counsel. See Annechino v. State, 557 So.2d 915 (Fla. 4th DCA 1990).
Since there was a proper inquiry regarding Beard's waiver of counsel for the trial on counts I and II, we affirm those convictions. We must, however, set aside the sentences for those convictions because the court did not renew the offer of assistance of counsel at the sentencing hearing. See Hardy, 655 So.2d at 1247. For the same reason, we must set aside the sentences for counts V and VI. Finally, we must reverse the convictions for counts V and VI because there was no renewal of the offer of assistance of counsel at the plea hearing. See Smith, 590 So.2d at 1078.
On remand, Beard should be given the opportunity to withdraw his pleas to counts V and VI. Additionally, the court must comply with Rule 3.111(d)(5) at the plea hearing and at the sentencing hearing.
There are two final points which we must discuss for the benefit of the trial court at the resentencing. Although section 775.082, Florida Statutes (Supp.1994), was amended effective October 25, 1995, to prohibit eligibility for parole for a capital felony, the amendment does not apply to Beard's offense. Lastly, we note that while the guidelines do not apply to capital offenses, a proper score sheet must be prepared when sentencing Beard on the noncapital offenses. See Salazar v. State, 662 So.2d 1294 (Fla. 2d DCA 1995).
Reversed and remanded.
CAMPBELL, A.C.J., and NORTHCUTT, J., Concur.