911 So.2d 1256 (2005)
Mark A. KEPNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1381.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
*1257 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Mark Kepner, appeals his judgment of conviction on the charges of aggravated fleeing and eluding and grand theft, and his corresponding habitual felony offender sentence. Appellant raises three issues on appeal. We affirm the first two issues raised, but reverse the third issue and remand to the trial court for further proceedings consistent with this opinion.
As his first issue, appellant argues that the notice to seek habitual offender sanctions was deficient because it did not sufficiently inform him of the sanction sought. This court very recently held in Washington v. State, 895 So.2d 1141 (Fla. 4th DCA 2005), that the "shotgun" notice gives a defendant "all the notice necessary to prepare the sentencing in his case." As in Washington, we affirm because the "shotgun" notice given in this case was sufficient.
In addition, he argues that the imposition of the habitual offender sanction violated his Sixth Amendment right to trial by jury. In McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004), we held that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), does not entitle a defendant to have a jury determine whether he has the requisite offender convictions for a habitual sentence. Thus, we affirm on this issue as well.
In his second issue, appellant urges that the trial court deprived him of his Due Process protections by refusing to grant him a defense continuance. The granting of a continuance is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *1258 See Scott v. State, 717 So.2d 908, 911 (Fla.1998). The ruling will be sustained unless no reasonable person would take the view adopted by the trial court. Id.; see also Randolph v. State, 853 So.2d 1051 (Fla.2003); Nicholson v. Nicholson, 717 So.2d 123, 124 (Fla. 4th DCA 1998) (ordinarily an appellate court will not overturn a trial court's ruling on a motion for continuance).
On this record, there is no evidence that the trial court abused its discretion in refusing to discharge appellant's court-appointed attorney. Likewise, there is no evidence that the trial court abused its discretion in refusing to thereafter grant appellant's motion for continuance once appellant chose to proceed without an attorney.
Finally, appellant argues that the court erred in failing to renew the offer of counsel prior to sentencing. Appellee acknowledges that the trial court did not renew the offer of counsel at the beginning of the sentencing portion of the proceeding.
Rule 3.111(d)(5), Florida Rules of Criminal Procedure, provides that an offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceeding at which the defendant appears without counsel. In Hardy v. State, 655 So.2d 1245 (Fla. 5th DCA 1995), the court held that the trial court must renew the offer of counsel at sentencing, a critical stage in the proceedings. "Even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel." Id. at 1247-48; see also Hodas v. State, 603 So.2d 21 (Fla. 4th DCA 1992). Appellee concedes, and we agree, that the court's failure to renew the offer of counsel prior to sentencing was error requiring reversal and resentencing.
Affirmed in part; Reversed in part, and Remanded for Resentencing.
STONE and MAY, JJ., concur.