[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11436
Non-Argument Calendar

_____

D. C. Docket No. 03-02583-CV-T-26-TBM

LARRY RICHARD BEARD,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee,

ATTORNEY GENERAL OF FLORIDA,

Respondent.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 30, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Larry Richard Beard appeals pro se the denial of his petition for a writ of habeas corpus on the ground that his right to a speedy trial was violated by nearly two years of delays before his convictions in a Florida state court for capital sexual battery and lewd and lascivious acts in the presence of a child under sixteen. Because the delays of Beard's trial were partially attributable to him, he was dilatory in his demand for a speedy trial, and he failed to establish actual prejudice from the delays, we affirm the denial of Beard's habeas petition.

## BACKGROUND

On October 27, 1994, Beard was arrested for the commission of sexual acts involving children, and on November 10, 1994, Beard was charged in the circuit court for Pinellas County, Florida. At a pretrial hearing on January 23, 1995, Beard's counsel, a public defender, waived Beard's right to a speedy trial so that he could seek a continuance to prepare for trial. The continuance was granted, and trial was set for July 19, 1995.

Before the trial, Beard's counsel resigned from the office of public defender, and Beard's new counsel filed a motion on June 8 for a continuance of the July 19 trial date because Beard's new counsel was assigned to another capital case that created a conflict with the July 19 trial date. The court changed the trial date to November 6, 1995.

On June 24, 1995, Beard sought discharge of the public defender and complained of trial delays. On October 17, Beard filed a pro se letter stating that a delay of the November 6 trial date might be necessary because he was awaiting a decision from the Florida Bar regarding his public defender. On October 20, the public defender moved to withdraw for Beard's representation, and the court granted that motion.

That same day, the trial court appointed a private attorney for Beard. On October 30, Beard's private attorney requested a continuance of the November 6 trial date because he had a federal trial scheduled to begin November 8. A new trial date was set for March 25, 1996.

The next delays of Beard's trial were not attributable to him. The court rescheduled the trial for May 7, 1996, for court scheduling purposes. On May 2, the trial was continued to October 15, 1996, at the request of the State.

On June 24, Beard's private attorney moved to withdraw so Beard could represent himself. On July 16, the court granted the motion to allow Beard to represent himself. The court also appointed the private attorney to act as Beard's standby counsel.

Trial was held on October 15-16, 1996. At the close of the case of the government, Beard moved for acquittal on the ground that his right to a speedy

trial had been violated. The trial court denied the motion as not properly brought during that stage of the proceeding. Beard was found guilty of capital sexual battery and lewd and lascivious acts in the presence of a child under sixteen. He was sentenced to imprisonment for life.

Beard appealed his convictions and argued that his right to a speedy trial had been violated. The State responded that Beard waived his right to speedy trial by not raising any objection to his counsel's waiver of the right. The Florida court of appeals affirmed Beard's convictions without mentioning his argument about the denial of a speedy trial. Beard v. State of Florida, 751 So.2d 61 (Fla. App. 2d Dist.), cert. denied, 528 U.S. 1007 (1999). Beard filed two post-conviction motions for relief, neither of which mentioned his right to a speedy trial.

Beard filed a federal petition for habeas relief, which was denied on the merits. The district court determined that, because the Florida courts had not ruled on Beard's speedy trial claim, there was no plain statement applying a procedural bar. On the merits, the district court found that Beard was responsible for much of the delay, and that Beard failed to establish prejudice from the delay.

## STANDARD OF REVIEW

We review a denial of a federal habeas petition by the district court de novo. Clark v. Crosby, 335 F.3d 1303, 1307 (11th Cir. 2003).

4

**DISCUSSION**

Before we address the merits of Beard's petition, we must address the argument of the government that Beard was procedurally barred from raising the speedy trial issue in a federal habeas petition because he had not raised it properly in the state courts. The district court concluded that because there was no "plain statement" by the state court that it had relied on a state procedural rule to reject Beard's argument about the denial of a speedy trial, the district court was not barred from hearing the habeas petition under Harris v. Reed, 489 U.S. 225, 109 S. Ct. 1038 (1989). We agree. Unless the state court "clearly and expressly" relied on state grounds in reaching its decision, procedural default does not apply to bar a federal habeas petition. Id. at 263, 109 S. Ct. at 1043 (citing Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2663, 2638 (1985)).

We now turn to the merits of the habeas petition. The Supreme Court has established four factors that a court must weigh to determine if a defendant has been denied his right to a speedy trial: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972). None of these factors is a necessary or sufficient condition to find a deprivation of the right to speedy trial, and other related factors must be considered by the court. Id. at 533,

92 S. Ct. at 2193.

The first factor, length of the delay, weighs against the government because there was a delay of two years from the time of Beard's arrest to his trial. "A delay is considered presumptively prejudicial as it approaches one year." United States v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997). This presumption does not end the inquiry; it triggers our consideration of the remaining three factors. Barker, 407 U.S. at 530, 92 S. Ct. at 2192.

The second factor, the reason for the delay, involves blame of both parties but the blame attributable to the State does not weigh heavily in favor of Beard. The period from Beard's arrest in October 1994 to his first trial date in July 1995 was Beard's responsibility because his counsel waived Beard's right to a speedy trial and agreed to the July trial date. The delay of July 1995 to a new trial date in November weighs against the State, but not heavily, because Beard's new counsel requested a continuance due to a trial conflict. On June 24, 1995, Beard objected to the motion for continuance and, for the first time, demanded a speedy trial. The next delay from November 1995 to March 1996 does not weigh heavily against the State because the continuance allowed Beard's newly-appointed private counsel to avoid a conflict with another trial. Beard's trial was moved from March to May due to the busy schedule of the court, and Beard conceded in the district court that

6

this delay does not weigh heavily against the State. The final delay, from May until October 1996, was apparently requested by the State, but neither Beard nor the government has offered an explanation why the State requested a continuance. Because Beard has not provided any reason for weighing this delay heavily against the State, we will not do so. Because a large portion of the overall delay was attributable to Beard, the second factor does not weigh heavily against the State.

The third factor, Beard's assertion of his right, weighs in his favor, but again not heavily. Beard asserts that, before the January 1995 pretrial conference, he twice requested his counsel to demand a speedy trial, but Beard's first objection in court was in June 1995. Beard also alleges that he submitted a state habeas petition in August 1996 that included demands for speedy trial, but this petition is not included in the record. Beard's motion for an investigator, after he became a pro se defendant, included a reference to a violation of his speedy trial rights, but the motion did not demand a speedy trial. We decline Beard's invitation to infer from his motions on issues other than a speedy trial that those motions should be considered demands for a speedy trial.

Because Beard has not established that the first three Barker factors weigh heavily against the government, he must establish that he suffered actual prejudice from the delay in his trial. United States v. Davenport, 935 F.2d 1223, 1239 (11th

7

Cir. 1991). To determine whether Beard suffered prejudice we consider three factors: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532, 92 S. Ct. at 2193. None of these factors supports Beard's argument.

Beard asserts that his pretrial incarceration was oppressive and prejudicial based on crowded conditions and low air temperatures in the prison, but Beard's allegations evidence nothing extraordinary about his confinement. The Third Circuit has stated, "We do not believe . . . that pretrial detention, coupled with a fourteen and one-half month delay, permits an automatic inference of enough prejudice to balance that factor in a petitioner's favor without proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment." Hakeem v. Beyer, 990 F.2d 750, 761 (3d Cir. 1993) (emphasis added). Beard does not explain how the conditions of his pretrial confinement were different from the unpleasant conditions that ordinarily attend imprisonment.

Beard's argument regarding anxiety is baseless. Beard asserts that his young daughters suffered anxiety from their two years of contact with the justice system, but he makes no argument that he suffered any anxiety. Beard's argument fails because the second prejudice factor is "to minimize anxiety and concern of the

8

accused." Barker, 407 U.S. at 532, 92 S. Ct. at 2193 (emphasis added).

The third factor, the possibility the defense will be impaired by the delay, is the most important factor of prejudice, but again it does not favor Beard. Id. Beard argues that the delay resulted in memory losses by the young witnesses, who were eight and nine years old, and the prosecution used some of these memory losses for tactical advantage to undermine the credibility of Beard's daughters who testified for his defense. A prosecutor is permitted to argue that evidence suggests that a witness may or may not be credible. See United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991). Beard cites to no authority to support his contention that it is a violation of his speedy trial rights for the prosecution to argue that alleged memory losses of Beard's daughters cast doubt on their testimonies. Beard had an opportunity during his closing argument to respond in kind and cast doubt on the veracity of the prosecution witness due to her memory losses. Beard fails to explain how any of the facts forgotten by the witnesses could not be recalled by refreshing their testimony through deposition transcripts, nor that the forgotten facts were central to his defense.

## CONCLUSION

We affirm the denial of Beard's petition for a writ of habeas corpus.

**AFFIRMED.**