POLEN, J.
Appellant challenges his- sentence on the charge of grand theft auto, arguing that the trial court failed to renew the offer of counsel prior to sentencing. We agree and reverse and remand for resentencing.
Appellant proceeded to trial on three charges. A Faretta[1] hearing was held on January 20, 2010, immediately prior to the commencement of trial. Appellant represented himself at trial and solely conducted his defense. Most of the trial took place on January 20; however, the trial ended five days later, on January 25, 2010. The jury convicted appellant on count 3, grand theft auto. Immediately after polling the jury, the trial court proceeded with sentencing. Prior to sentencing, the trial court did not renew an offer of counsel. The trial court sentenced appellant to three years in prison.
Appellant argues that the court erred in failing to renew the offer of counsel prior to sentencing. The State acknowledges that the trial court did not renew the offer of counsel at the beginning of the sentencing portion of the proceeding, but argues that any error was harmless.
Rule 3.111(d)(5) provides that an offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceeding at which the defendant appears without counsel. “Sentencing is a critical stage of a criminal proceeding, and a trial court must renew the offer of counsel even if the defendant has previously waived counsel.” Monte v. State, 51 So.3d 1196, 1201 (Fla. 4th DCA 2011) (quoting Beard v. State, 751 So.2d 61, 62 (Fla. 2d DCA 1999)). “[Ejven if a defen *440 dant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel” before sentencing. Id. (quoting Hardy v. State, 655 So.2d 1245, 1248 (Fla. 5th DCA 1995)).
The trial court erred in failing to renew an offer of counsel before appellant’s sentencing. See id.; see also Kep-ner v. State, 911 So.2d 1256, 1258 (Fla. 4th DCA 2005) (“[T]he court’s failure to renew the offer of counsel prior to sentencing was error requiring reversal and resen-tencing.”); Bowman v. State, 550 So.2d 544, 544 (Fla. 4th DCA 1989) (“[W]e reverse appellant’s sentence since it was error not to renew the offer of assistance of counsel to him at sentencing.”).
Mincey v. State, 684 So.2d 236 (Fla. 1st DCA 1996), cited by the State in support of its harmless error argument, is distinguishable. In Mincey, “appellant relied on standby counsel extensively, before, during and after the trial,” and standby counsel handled the sentencing. Id. at 238. But see Harris v. State, 687 So.2d 29, 30 (Fla. 5th DCA 1997) (“While we agree that the court should have renewed the offer of assistance of counsel prior to sentencing, we find such error to be harmless in this case. Harris was sentenced within the guideline range and, based on this record, we do not believe that he would have gotten a lesser sentence had the court appointed ten lawyers to speak for him.”).
Accordingly, we reverse the sentence on appeal, and remand for resentencing after a proper renewal of the offer of counsel.

Reversed and Remanded.

GROSS, C.J., and DAMOORGIAN, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).