PALMER, J.
 

 Christopher Thomas Hays (defendant) appeals his judgment and sentence entered by the trial court on the charge of failing to comply with sex offender reporting requirements.
 
 [1]
 
 Determining that the trial court did not err in entering the judgment, we affirm same. However, determining that the trial court abused its discretion by failing to renew the offer of assistance of counsel to the defendant at the sentencing stage, we vacate the defendant’s sentence and remand for resentencing.
 

 In this case, the defendant represented himself during his trial. Following the entry of the jury’s verdict, the trial court entered judgment and proceeded immediately to sentencing without renewing an offer of assistance of counsel to the defendant.
 

 This court has held:
 

 [I]f a defendant waives the right to counsel at any stage of the criminal proceedings, the trial court must renew the offer of assistance of counsel at each subsequent stage of the proceedings. Sentencing is a critical stage in criminal proceedings; and, even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel.
 

 Hardy v. State,
 
 655 So.2d 1245, 1247-48 (Fla. 5th DCA 1995) (vacating and remanding the defendant’s sentence for re-sentencing because the trial court failed to renew its offer of assistance of counsel at sentencing);
 
 see also
 
 Fla. R. Crim. P. 3.111(d)(5) (stating: “[I]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.”).
 

 Accordingly, the defendant’s sentence is vacated and this matter is remanded for resentencing.
 

 Judgment AFFIRMED, Sentence VACATED; and case REMANDED for RE-SENTENCING.
 

 ORFINGER and COHEN, JJ„ concur.
 

 [1]
 

 .
 
 See
 
 § 943.0435, Fla. Stat. (2008).