PER CURIAM.
The appellant, Willie Cuyler, challenges his judgment and sentence for resisting a law enforcement officer without violence, arguing that the trial court erred by failing to conduct an adequate Faretta[1] inquiry at the outset of trial and failing to renew an offer of counsel prior to sentencing. We hold that the trial court conducted an adequate Faretta hearing prior to allowing Cuyler to represent himself at trial, and affirm his conviction accordingly. However, we reverse Cuyler’s sentence and remand for a new sentencing hearing prior to which the trial court must conduct an adequate Faretta inquiry.
The record demonstrates that the trial court moved directly into sentencing after the verdict was announced with *828 out mentioning Cuyler’s right to counsel at that critical stage. While a full Faretta inquiry need not be conducted at every stage of criminal proceedings, once counsel has been waived under Faretta, the offer of assistance of counsel must be renewed by the court at each critical stage of the proceedings. Traylor v. State, 596 So.2d 957, 968 (Fla.1992) (holding that a critical stage of trial is “any stage that may significantly affect the outcome of the proceedings”). Sentencing is a critical stage of a criminal proceeding. See, e.g., Beard v. State, 751 So.2d 61, 62 (Fla. 2d DCA 1999). A trial court’s failure to conduct a Faretta hearing at a critical stage of the criminal proceedings constitutes per se reversible error. See Tennis v. State, 997 So.2d 375, 379 (Fla.2008); Wilson v. State, 947 So.2d 1225, 1226-27 (Fla. 1st DCA 2007).
The state concedes that remand for re-sentencing is required. We reverse the imposed sentence and remand for a new sentencing hearing.
REVERSED and REMANDED.
VAN NORTWICK, PADOVANO, and SWANSON, JJ., Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding defendant has constitutional right to self-representation; however, prior to defendant proceeding pro se, court must determine whether defendant has voluntarily and intelligently elected to proceed without counsel).