Klingensmith, J.
George Birlkey (“appellant”) appeals from the trial court’s finding that he violated probation (“VOP”) and consequent eighteen-month prison sentence (with credit for time served). Appellant, who represented himself while accompanied ■with standby counsel, asserts that the trial court erred in not renewing an offer of assistance of counsel prior to the VOP hearing and sentencing. We agree that the court should have renewed the offer of counsel before sentencing, and reverse.
Appellant was placed on probation after pleading no contest to the charges of burglary of a structure and possession of burglary tools. Four months later, the State filed an affidavit of VOP alleging a new arrest for burglary and grand theft, and a failure to truthfully answer an officer’s inquiries. Appellant requested a Faretta[1] hearing to represent himself in both the VOP proceeding's and the underlying criminal case involving the new charges. After conducting a Faretta hearing on November 6, 2014, and finding that appellant made a knowing, voluntary, and intelligent waiver of his right to counsel, the trial court allowed appellant to represent himself. Additionally, with appellant’s consent, the court appointed an assistant public defender to serve as standby counsel.
*433 On November 18, 2014, appellant attended his first hearing while representing himself to argue various motions, including a demand for speedy trial on the new underlying charges (which was granted) and a request to continue the VOP hearing until after that trial (which was denied).
Six days later at the VOP hearing (November 24, 2014), appellant again represented himself, with standby counsel remaining by his side. At the start of the hearing, the trial court did not renew to appellant the offer of assistance of counsel. At the conclusion of the hearing the court found he violated his probation, and thereafter immediately commenced the sentencing phase of the proceedings. The record shows the court again did not renew an offer of counsel prior to the start of sentencing. After orally imposing the prison sentence for the VOP, the trial court asked appellant if he still wanted to represent himself at the upcoming jury trial on the underlying charges; he replied affirmatively, and stated that he did not want court-appointed counsel. This appeal followed.
We review appellant’s claim that the trial court failed to renew the offer of assistance of counsel for abuse of discretion. See Hays v. State, 63 So.3d 887, 888 (Fla. 5th DCA 2011) (“[Determining that the trial court abused its discretion by failing to renew the offer of assistance of counsel to the defendant at the sentencing stage, we vacate the defendant’s sentence and remand for resentencing.”). However, case law also suggests that a violation of a defendant’s right to counsel at a critical stage of sentencing is per se reversible error, not subject to a harmlessness analysis. See Cuyler v. State, 131 So.3d 827, 828 (Fla. 1st DCA 2014); see also Tennis v. State, 997 So.2d 375, 379 (Fla. 2008); Davis v. State, 10 So.3d 176, 178 (Fla. 5th DCA 2009); Flowers v. State, 976 So.2d 665, 666 (Fla. 1st DCA 2008).
Here, appellant argues that the trial court reversibly erred by failing to renew an offer of assistance of counsel at the start of both the VOP hearing and sentencing. He contends the failure requires reversal for two reasons: 1) the hearing on his various motions occurring between the Faretta hearing and the violation hearing was an intervening critical (or crucial) stage necessitating a renewed offer of assistance of counsel at the commencement of the VOP hearing; and 2) the sentencing hearing was a crucial stage requiring the renewal of the offer of assistance. We disagree with appellant on the first issue, but agree with him on the second and reverse accordingly.
“If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.” Fla. R. Crim. P. 3.111(d)(5). Moreover, the Counsel Clause of the Florida Constitution under article I, section 16 recognizes the right to counsel as well as self-representation in all criminal prosecutions. See Traylor v. State, 596 So.2d 957, 966-67 (Fla. 1992); Brown v. State, 45 So.3d 110, 115 (Fla. 1st DCA 2010). In Traylor, the Florida Supreme Court held a criminal defendant “is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel.” 596 So.2d at 968. In view of this right, the Traylor court clarified that “[a]t the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver.” Id.; see also Sproule v. State, 719 So.2d 349, 350 (Fla. 4th DCA 1998). (“A defendant’s waiver of the right to counsel applies only to the stage of the proceedings during which the waiver is made.”). Thus, “[w]here the right to counsel has been *434 properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.” Sproule, 719 So.2d at 350 (quoting Traylor, 596 So.2d at 968); see also Segal v. State, 920 So.2d 1279, 1280 (Fla. 4th DCA 2006) (“Although a full Faretta inquiry need not be conducted at every stage of criminal proceedings, once counsel has been waived under Faretta, the offer of assistance of counsel must be renewed by the court at each subsequent stage of the proceedings.”).
Here, the defendant made a knowing waiver of counsel at the November 6 Faretta hearing. The very next hearing was held twelve days later on November 18, and involved: appellant’s request to withdraw a previously filed motion to suppress; a mislabeled motion to show cause; a demand for speedy trial on the new underlying charges; and a request to continue his VOP hearing. None of these matters sufficed to qualify the November 18 hearing as a critical stage. The United States Supreme Court has indicated that “critical stages” are those “step[s] of a criminal proceeding ... that held significant consequences for the accused.” Bell v. Cone, 535 U.S. 685, 696, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); see also Monte v. State, 51 So.3d 1196, 1200 (Fla. 4th DCA 2011) (“A ‘crucial stage’ is ‘any stage that may significantly affect the outcome of the proceedings.’ ” (quoting Traylor, 596 So.2d at 968)). Although the Supreme Court has never provided a definitive list of these critical stages, it has provided examples of the type of proceedings that do and do not qualify as such. See Montejo v. Louisiana, 556 U.S. 778, 786, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009) (post-indictment interrogation is a critical stage); Iowa v. Tovar, 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (entry of guilty plea qualifies as critical stage); Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (sentencing is critical stage in criminal proceedings); United States v. Wade, 388 U.S. 218, 236-37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (post-indictment live lineup is critical stage); see also United States v. Ash, 413 U.S. 300, 320-21, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) (post-indictment photographic lineup not a critical stage); Gilbert v. California, 388 U.S. 263, 267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (taking of handwriting exemplar is not a critical stage).
The various motions presented at the November 18 hearing, the most significant of which was the requested continuance of appellant’s trial, are unlike any of the examples of critical stages that the Supreme Court has identified. Because neither the U.S. Supreme Court nor the Florida Supreme Court has ever held that a hearing on a motion for continuance constitutes a critical stage in criminal proceedings, we decline to do so here.
Further, the eighteen-day interval between the waiver at the Faretta hearing and the VOP hearing is inconsequential. The need to renew an offer of assistance of counsel depends on whether an intervening crucial stage occurs after the initial offer, not the passage of time between the initial offer and the continuation of the stage for which the initial offer was made. Monte, 51 So.3d at 1200. Therefore, absent the occurrence of a critical intervening stage, appellant’s waiver of counsel at his November 6 Faretta hearing remained operative as a valid waiver of counsel for the purposes of the VOP hearing on November 24. See Segal, 920 So.2d at 1280 (“[A] VOP hearing is a crucial stage requiring the renewal of the offer of assistance of counsel.”).
*435 However, a sentencing is also a crucial stage. Henretty v. State, 155 So.3d 1254, 1255 (Fla. 1st DCA 2015); Monte, 51 So.3d at 1201. As “[sentencing is a- critical stage of a criminal proceeding ... a trial court must renew the offer of counsel even if the defendant has previously waived counsel,” Beard v. State, 751 So.2d 61, 62 (Fla. 2d DCA 1999). Prior to sentencing, “even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel.” Hardy v. State, 655 So.2d 1245, 1248 (Fla. 5th DCA 1995); see Traylor, 596 So.2d at 968 (“Any waiver of this right must be knowing, intelligent, and voluntary, and courts generally will indulge every reasonable presumption against waiver of this fundamental right.”).
In Capitaine v. State, 58 So.3d 438, 439 (Fla. 4th DCA 2011), this court reversed and remanded for resentencing because the trial court did not renew' the offer of counsel before sentencing. There, we distinguished the situation in this case, where appellant did not heavily rely on standby counsel, from that of Mincey v. State, 684 So.2d 236, 238 (Fla. 1st DCA 1996):
In Mincey, “appellant relied on standby counsel extensively, before, during and after the trial,” and standby counsel handled the sentencing. Id. at 238. But see Harris v. State, 687 So.2d 29, 30 (Fla. 5th DCA 1997) (“While we agree that the court should have renewed the offer of assistance of counsel prior to sentencing, we find such error to be harmless in this case. Harris was sentenced within the guideline range and, based on this record, we do not believe that he would have gotten a lesser sentence had the court appointed ten lawyers to speak for him”).
Capitaine, 58 So.3d at 440. That distinction, based on the involvement and participation of standby counsel, was also made in Bloodsaw v. State, 949 So.2d 1119, 1122 (Fla. 3d DCA 2007):
Although the trial court was required to renew its offer of assistance of counsel at the commencement of Bloodsaw’s trial, as rule 3.111(d)(5) requires when a “defendant appears without counsel,” the trial court’s non-compliance with the rule here is harmless error..., During the trial, standby counsel assisted Bloodsaw on numerous occasions, and Bloodsaw actually consulted 'with his standby counsel. At no time did Blood-saw indicate that he wanted to terminate self-representation.

Id.

Here, as the record does not reflect that appellant relied on standby counsel at any point during the VOP hearing, the trial court erred in failing to renew an offer of counsel before the sentencing hearing on his probation violation even though the hearing occurred immediately following the conclusion of the VOP hearing. See Bona v. State, 75 So.3d 1286, 1286 (Fla. 4th DCA 2011) (“[W]e reverse the sentence. Although the sentence was legally permissible, the circuit court erred in failing to renew the offer of counsel before sentencing.”); Kepner. v. State, 911 So.2d 1256, 1258 (Fla. 4th DCA 2005) (“[T]he court’s failure to renew the offer of counsel prior to sentencing was error requiring reversal and resentencing.”); Bowman v. State, 550 So. 2d 544, 544 (Fla. 4th DCA 1989) (“[W]e reverse appellant’s sentence since it was error not to renew the offer of assistance of counsel to him at sentencing.”).
Sentencing is a critical and often complicated part of the criminal process involving subtleties that may be beyond the appreciation of the average layperson. A defendant who is unfamiliar with the post-conviction process may inadvertently waive a meritorious argument that he or she might *436 otherwise have raised on appeal. Given these intricacies, it is particularly important that a sentencing court be certain that a defendant understands the perilous path he or she traverses by proceeding to sentencing without the benefit of counsel.
The State suggests that any error in not renewing the offer of counsel to appellant was harmless because immediately after sentencing, appellant maintained his desire to proceed pro se at his trial on the underlying charges. This presumes that, after a proper colloquy by the trial court, appellant would likely have maintained his decision to proceed pro se for his sentencing as well, leading the court to impose the same sentence he received. “Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence.” Hurst v. State, 202 So.3d 40, 68 (Fla. 2016). The record reflects the following exchange occurred after the court advised appellant of the risk in going to trial on the underlying new charges without counsel:
THE COURT: Well, I guess get prepared for trial on that.
[APPELLANT]: I’ve seen what I have to do to change up things. I can get prepared.
THE COURT: All right. Okay. Work with him a little bit it will be helpful if you do.
[STANDBY COUNSEL]: I can’t give him any advice.
THE COURT: I know but he could at this point still ask for Counsel.
You still don’t want Counsel, right?
[APPELLANT]: Not if he’s not going to assist me. If they are not going to assist me, I don’t want you. I would rather get charged on my own and standing up for myself than have somebody else represent me that wouldn’t represent to the fullest of their extent.
THE COURT: Okay. I mean, you understand he could have stand-by [sic] counsel sitting here. You could have today. You could have it at your trial. You could have it at any time. Are you still happy with representing yourself, correct?
[APPELLANT]: Yes, sir.
Given the firmness of his desire to represent himself as expressed after sentencing, the series of events that the State posits would have happened is indeed highly probable, but without engaging in speculation, it is not entirely certain. See, e.g., C.D.C. v. State, 211 So.3d 357, 360 (Fla. 4th DCA 2017) (“[W]e cannot say no reasonable possibility exists that the error did not contribute to the sentence.”).
Thus, because the trial court erred in not renewing an offer of counsel to appellant prior to sentencing, we reverse and remand for the trial court to conduct a new sentencing hearing that includes an offer of counsel at the outset.

Reversed and Remanded for resentenc-ing.

Taylor and Gerber, JJ., concur.

. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).