DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KANDACE M. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2111

[October 18, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 15003911 CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Kandace Williams ("appellant") was charged with burglary of a structure. He appeals the trial court's order accepting his plea of no contest and imposing a prison sentence. Prior to his plea, appellant was given the right to proceed pro se with the appointment of standby counsel. While the record reflects that appellant utilized the assistance of standby counsel when entering his plea, the court should have renewed the offer of counsel before sentencing. Therefore, we reverse.

During the plea colloquy, appellant stated that he was entering his plea freely and voluntarily. Appellant confirmed that he had an opportunity to discuss the plea with his standby counsel and submitted a plea form signed by appellant, as a *pro se* defendant, and his standby counsel. After the plea colloquy, the trial court asked appellant, "do you know of any legal reason why I cannot pronounce sentence on you today?" Appellant and State responded, "[n]o." The trial court immediately moved into the sentencing stage without renewing the offer of assistance of counsel.

"We review appellant's claim that the trial court failed to renew the offer of assistance of counsel for abuse of discretion." *Birlkey v. State*, 220 So. 3d 431, 433 (Fla. 4th DCA 2017). "However, case law also suggests that a violation of a defendant's right to counsel at a critical stage of sentencing is per se reversible error, not subject to a harmlessness analysis." *Id.*

"If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel." Fla. R. Crim. P. 3.111(d)(5). Sentencing is a critical stage requiring the renewal of the offer of counsel. *Neal v. State*, 142 So. 3d 883, 889 (Fla. 1st DCA 2014). Prior to sentencing, "even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel." *Hardy v. State*, 655 So. 2d 1245, 1248 (Fla. 5th DCA 1995); *see also Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992) ("Any waiver of this right must be knowing, intelligent, and voluntary, and courts generally will indulge every reasonable presumption against waiver of this fundamental right.").

Here, the record does not reflect that appellant intended to rely on standby counsel during his sentencing hearing. Therefore, the trial court erred by failing to renew the offer of counsel. *See Kepner v. State*, 911 So. 2d 1256, 1258 (Fla. 4th DCA 2005) ("[T]he court's failure to renew the offer of counsel prior to sentencing was error requiring reversal and resentencing."); *Bowman v. State*, 550 So. 2d 544, 544 (Fla. 4th DCA 1989) ("[W]e reverse appellant's sentence since it was error not to renew the offer of assistance of counsel to him at sentencing."). As we said in *Birlkey*:

> Sentencing is a critical and often complicated part of the criminal process involving subtleties that may be beyond the appreciation of the average layperson. A defendant who is unfamiliar with the post-conviction process may inadvertently waive a meritorious argument that he or she might otherwise have raised on appeal. Given these intricacies, it is particularly important that a sentencing court be certain that a defendant understands the perilous path he or she traverses by proceeding to sentencing without the benefit of counsel.

*Birlkey*, 220 So. 3d at 435-36.

We cannot presume that appellant would likely have maintained his decision to proceed *pro se* for his sentencing after a proper colloquy by the trial court. Given that he relied on standby counsel to assist him in understanding and entering his plea, we cannot say there was no

reasonable possibility appellant would have declined a renewed offer of counsel for sentencing. *See, e.g., C.D.C. v. State,* 211 So. 3d 357, 360 (Fla. 4th DCA 2017) ("[W]e cannot say no reasonable possibility exists that the error did not contribute to the sentence.").

Because the trial court failed to renew the offer of counsel to appellant prior to sentencing, we reverse and remand for the trial court to conduct a new sentencing hearing that includes the offer of counsel at the outset.

*Reversed and remanded for resentencing.*

CONNER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***