DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND PLATT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-148

[February 7, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 14-13174 CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his convictions and sentences for one count of grand theft and one count of uttering a forged instrument. On all of the arguments which the defendant raises in appeal of his convictions, we affirm his convictions without further discussion.

However, on the defendant's argument that the trial court erred by failing to renew the offer of counsel or conducting another *Faretta*[1] hearing before sentencing, we agree. As we recently stated in *Birlkey v. State*, 220 So. 3d 431 (Fla. 4th DCA 2017):

> As sentencing is a critical stage of a criminal proceeding . . . a trial court must renew the offer of counsel even if the defendant has previously waived counsel. Prior to sentencing, even if a defendant does not request appointment of counsel,

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

this omission is not considered a knowing waiver of the right to counsel.

. . . .

Sentencing is a critical and often complicated part of the criminal process involving subtleties that may be beyond the appreciation of the average layperson. A defendant who is unfamiliar with the post-conviction process may inadvertently waive a meritorious argument that he or she might otherwise have raised on appeal. Given these intricacies, it is particularly important that a sentencing court be certain that a defendant understands the perilous path he or she traverses by proceeding to sentencing without the benefit of counsel.

*Id.* at 435-36 (internal citations and punctuation omitted).

Based on the foregoing, we vacate the defendant's sentences on both counts and remand for a new sentencing hearing, at which the trial court shall renew the offer of counsel or conduct another *Faretta* hearing if the defendant again seeks to represent himself during sentencing. Our holding moots the defendant's other arguments attacking his sentence, though the defendant may raise those arguments to the trial court should those arguments become relevant during the sentencing hearing.

*Convictions affirmed; sentences reversed; remanded for resentencing.*

TAYLOR and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2