FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2023-1893
_____

JUSTIN HINSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.


December 17, 2025

OPINION ON MOTION FOR REHEARING EN BANC, WRITTEN OPINION,
AND CERTIFICATION

PER CURIAM.

    DENIED.

ROBERTS and KELSEY, JJ., concur; ROWE, J., concurs in part and
dissents in part.

_____


ROWE, J., concurring in part and dissenting in part.

I concur in the majority's decision to deny the motion for rehearing en banc and the motion for certification. But I dissent from the majority's decision to deny the motion for written opinion.

At issue in this appeal is whether the trial court reversibly erred when it failed at sentencing to renew the offer of counsel to the pro se defendant. Florida's Constitution recognizes the right to counsel and self-representation in all criminal prosecutions. *See* Art. I, § 16, Fla. Const. In *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992), the Florida Supreme Court explained that a criminal defendant "is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel." The Court held that a trial court must renew the offer of counsel "at each subsequent stage of the proceedings at which the defendant appears without counsel." *Id.* Sentencing is a critical stage of the proceedings and this court has repeatedly and consistently reversed when the trial court fails to renew the offer of counsel at sentencing. *See Richardson v. State*, 229 So. 3d 446 (Fla. 1st DCA 2017); *Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015); *Henretty v. State*, 155 So. 3d 1254, 1255 (Fla. 1st DCA 2015); *Howard v. State*, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014), *overruled on other grounds by Noetzel v. State*, 328 So. 3d 933, 952 n.9 (Fla. 2021); *Cuyler v. State*, 131 So. 3d 827, 828 (Fla. 1st DCA 2014); *Travis v. State*, 969 So. 2d 532, 533 (Fla. 1st DCA 2007); *Parker v. State*, 539 So. 2d 1168, 1169 (Fla. 1st DCA 1989); *Smith v. State*, 444 So. 2d 542, 547 (Fla. 1st DCA 1984); *Baranko v. State*, 406 So. 2d 1271, 1272 (Fla. 1st DCA 1981); *Billions v. State*, 399 So. 2d 1086, 1087 (Fla. 1st DCA 1981).

So, too have Florida's other district courts.[*] *See, e.g.*, *Murray v. State*, 265 So. 3d 723, 724 (Fla. 2d DCA 2019); *Hinrichs v. State*, 659 So. 2d 1389 (Fla. 3d DCA 1995); *Birlkey v. State*, 220 So. 3d

---

[*] The Sixth District has not yet addressed whether a trial court reversibly errs if it fails to renew the offer of counsel at sentencing. But that court has reversed when the trial court failed to renew the offer of counsel at another critical stage of the proceedings—when a defendant moved to withdraw his plea. *See Brannon v. State*, 396 So. 3d 420, 423 (Fla. 6th DCA 2024).

431, 433 (Fla. 4th DCA 2017); *Williams v. State*, 228 So. 3d 699 (Fla. 5th DCA 2017).

Even so, the majority affirms the sentence in this case—even though the trial court failed to renew the offer of counsel at sentencing. The majority does so without any explanation and without citation to any authority that would call into question this court's prior decisions. *See In re Rule 9.331, Determination of Causes by a Dist. Ct. of Appeal En Banc, Fla. Rules of App. Proc.*, 416 So. 2d 1127, 1128 (Fla. 1982) ("[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district."); *Wanless v. State*, 271 So. 3d 1219, 1223 (Fla. 1st DCA 2019) ("We are of course bound to follow our own decisions unless and until an intervening decision from the Florida Supreme Court, the United States Supreme Court, or this court sitting en banc compels otherwise."); *but see Normandy Ins. Co. v. Bouayad*, 372 So. 3d 671, 695 (Fla. 1st DCA 2023) (Tanenbaum, J., concurring) ("[T]he idea that three independent judicial officers constituting one of this court's panels are legally 'bound' by a decision of a prior panel of equivalent judicial officers comes from ... *nowhere*.") (footnote omitted).

And thus it is unsurprising that Appellant questions whether the court's ruling conflicts with our prior decisions and asks for an explanation for that ruling. With the majority's decision to deny the motion for a written opinion, the parties, the bench, and the bar are left guessing. I would grant the motion and explain the court's reasons for affirming.

---

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Adam Blair Wilson, Assistant Attorney General, Tallahassee, for Appellee.

3